MORRIS *v.* MILLER ET AL.

[No. 14,426.   Filed December 16, 1931.]

*Fenton, Steers, Beasley & Klee,* for appellant.
*Cooper, Royse, Gambill & Crawford,* for appellees.

KIME, J.—This is an appeal from an award of compensation made by the full Industrial Board against Ivan L. Morris, defendant and appellant herein. The award was based upon a claim for compensation filed by Jessie Mae Miller, claimant and appellee herein, wherein it was alleged that Walter Miller (decedent and husband of claimant) died on July 5, 1930, as a result of injuries he received on the preceding day by reason of an automobile accident. It was averred that decedent was a truck driver, and that, at the time of the accident, he was driving an automobile truck hauling tires from Akron, Ohio, to Terre Haute, Indiana; that the truck turned over in a ditch beside the highway, caught fire, and fatally burned decedent while he was pinned under the said truck; that the average earnings of decedent was $20 per week.

The claim was originally filed against Ivan L. Morris

and his wife, Anna E. Morris, who was made a co-defendant. They filed a special answer in three paragraphs, the first being a general denial; the second alleging, in substance, that appellant was a farmer engaged in agricultural work and was not engaged in the business of selling or delivering tires; that the employment of the decedent at the time of his injuries and death was both casual and not in the usual course of the trade, business and occupation of defendants or either of them. The third paragraph alleged, in substance, that decedent driver, on account of loss of sleep and rest, drove the truck off the highway into a ditch, was thrown from the vehicle, and alit at a safe distance unharmed; that, thereafter, he voluntarily returned to the truck, not in the course of employment, but as a mere volunteer, whereby his clothing caught fire and resulted in fatal injuries; that appellant Ivan Morris had given decedent strict orders to go to a hotel and secure regular and sufficient sleep and rest, which order decedent failed to obey. It was further alleged that, notwithstanding such accidental leaving the highway, the driver would not have been injured except for his own voluntary act outside the course of his employment in returning to the truck.

Subsequent to the filing of the claim, appellee obtained leave to amend same by adding a specification that Patricia Joanne Miller, daughter, was born December 7, 1930. The case was heard before a single member of the board who found for appellees and made an award in their favor and against appellant and his co-defendant, Anna E. Morris. Appellees were awarded compensation at the rate of $11 per week, in equal shares, for the remainder of 300 weeks, together with the statutory allowance of $100 for funeral expenses and medical expenses for the first 30 days following the injury.

Defendants filed their application for a review by the full board. Upon said review, the full board found and rendered an award in favor of appellees against appellant Ivan Morris, and dismissed the cause as to the co-defendant Anna E. Morris, holding that she was not an employer and was entitled to a finding in her favor. The full board held, among other things, that defendant (appellant) was engaged in the business of trucking; that decedent's average weekly wage was $20; and other findings substantially the same as those found by the single member of the board.

Appellant, in his assignment of error, has set out several points, some of which, as pointed out by appellees, are not discussed by appellant in his brief and ■■ are thereby waived. However, the assignment that, "the award of the full board is contrary to law" is sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts. §9506 Burns 1926 (as amended, Acts 1917 p. 154). *Pedlow* v. *Swartz Electric Co.* (1918), 68 Ind. App. 400, 120 N. E. 603.

It is earnestly contended by appellant that the accident by reason of which decedent sustained the fatal injuries aforementioned did not arise out of the ■ employment, but arose out of voluntary conduct on the part of the employee. This contention is based upon the allegation that decedent was thrown out of the truck at the time it left the road and was unharmed, and that he returned to same to rescue his brother Herman, who was riding with him at the time. We have carefully considered all of the evidence pertaining to this point, and it is our belief that there was sufficient evidence to justify the full board in finding that the accident arose out of and in the course of decedent's employment. Some of this evidence we refer

to, clearly establishes that it was decedent, Walter Miller, who was pinned under the burning truck. The only evidence which appellant relies on to support his contention that decedent was thrown from the truck and was unharmed was the testimony of Harry W. Miller, a brother of decedent, and witness for the plaintiff. Appellant, upon cross-examination of this witness, attempted to establish this point by the following questions and answers: "Q. Were you at Indianapolis at the hospital before your brother died? A. Yes. Q. Did you hear him make a statement about when the truck went off the road, that he was out of the truck and went back in? A. Yes, I did. Q. He said he was thrown out of the truck and was safe and went back in and was burned?" At this point, an objection was interposed by plaintiff and sustained. Appellant maintains that the action of the board in excluding and refusing to hear the testimony sought to be elicited from the witness along this line constitutes reversible error. There is positive evidence that the witness was in Terre Haute, Indiana, at the time of the accident, and it follows that it must have been a matter of hours until he reached the bedside of his brother at Indianapolis. It is our opinion that, under the circumstances, this evidence was correctly rejected. Nothing bearing upon or having reference to the question was gone into on direct examination, and it was not the proper subject of cross-examination. In addition, the answer sought would be purely hearsay as it was not a part of the *res gestae,* and was a narration of past events. *Cleveland, etc., R. Co.* v. *Sloan* (1894), 11 Ind. App. 401, 39 N. E. 174; *Abendroth* v. *Fidelity, etc., Co. of Maryland* (1919), 73 Ind. App. 50, 124 N. E. 714; *Massachusetts Bonding, etc., Co.* v. *Free* (1919), 71 Ind. App. 275, 124 N. E. 716; *Ginsberg* v. *Burroughs Adding Machine Co.* (1918), 204 Mich. 130, 170 N. W. 15.

It is further contended that the award is contrary to law for the reason that the board excluded testimony that appellant had instructed the employee to go to a hotel and secure necessary rest and not drive the truck when he was sleepy. It was not shown or attempted to be shown that these instructions were in either written or printed form and posted in a conspicuous position in the place of work. To the contrary, it was shown conclusively that the instructions were given orally. The statute specifically says: "No compensation shall· be allowed for an injury or death due to . . . his willful failure or refusal to obey a reasonable *written or printed* rule of the employer *which has been posted in a conspicuous position in the place of work,* or his willful failure or refusal to perform any statutory duty. The burden of proof shall be on the defendant." (Our italics.)  §9453 Burns Supp. 1929.

It is further urged by appellant that he is chiefly engaged in agricultural pursuits; that the operation of his trucks was merely incidental to and necessary for carrying out his chief pursuit, that of agriculture; that the decedent was an agricultural employee and his service in operating the truck was merely casual and outside the usual course of his employer's business. This contention has been refuted by sufficient competent evidence to show that appellant owned and operated trucks for hire and was hauling sundry articles, including merchandise and vegetables, for various other firms and persons, and had been doing so for some time prior to the time of this accident. From this evidence, it appears that appellant was conducting a trucking business. It is quite possible that a person may be engaged in more than one pursuit or business, which seems to be the situation in the case at bar, as respects appellant herein. As before stated, there was evidence to the effect that appellant was engaged in the truck-

ing business, and the full Industrial Board made a finding to that effect. The rule is so well settled that, where the evidence is conflicting, or where it is such that different deductions may be reasonably drawn therefrom, leading to different conclusions, and, upon this evidence, the Industrial Board has made a finding, then such finding is conclusive upon this court and will not be disturbed. Neither will this court disturb an award of the Industrial Board on appeal, if there is some competent evidence to support it.

Appellant has also challenged the sufficiency of the evidence as respects the amount of the award, maintaining that the amount of compensation is based on a wage in excess of the actual weekly earnings of decedent. We do not believe this contention merits a discussion, for the reason that this was also a disputed matter, and the rule above stated applies here likewise.

Finding no reversible error, the award of the full Industrial Board of Indiana is hereby in all things affirmed, and it is further ordered that said award be increased 10 per cent, as provided by law.