KUHNER PACKING COMPANY *v.* HITCHENS.

[No. 14,924.   Filed June 22, 1933.]

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke* and *James V. Donadio,* for appellant.

*Lincoln Lesh,* for appellee.

BRIDWELL, J.—On the 11th day of February, 1932, appellee was employed by the appellant at an average weekly wage of $30.00. On that day while at work for appellant he was injured by reason of an accident arising out of and in the course of his employment. He thereafter filed his application for adjustment of his claim for compensation with the Industrial Board of Indiana, and appellant filed its answer thereto in four paragraphs, in substance, as follows: (1) A general denial; (2) that no compensation should be allowed for the reason that the injuries sustained by appellee were due to his commission of a misdemeanor, and his wilful failure to perform a statutory duty; (3) that the injuries to appellee "were due to his commission of a felony in this: that at the time of said injuries plaintiff was using an elevator or lift or hoist as a means of conveyance from one part of a building or structure, which was under construction at the time, to another part, in violation of section 16-1-11 of Chapter XVI of the building rules, orders and regulations of the Administrative Building Council of Indiana as adopted

and in force at the time of said injuries, which said building rules and regulations have been promulgated by said Administrative Building Council of Indiana pursuant to statutes of the State of Indiana; that said rules, orders and regulations of said Administrative Building Council of Indiana were in the following words and figures, to-wit: 'The erection, alteration or repair of any building or structure where elevators, lifts, hoists, derricks are used to place materials, workmen shall be prohibited from using such elevators, lifts, hoists or derricks as a means of conveyance from one part of such building or structure to another part, and it shall be the duty of the persons in charge of such building or structure to see that this rule is complied with and observed.' Said rules, orders and regulations were in full force and effect at the time of said injuries;" (4) this paragraph contains allegations similar in all respects to those of the third paragraph, and differing therefrom only in that it is therein averred that the injuries to appellee were due to his wilful failure and refusal to perform a statutory duty.

Upon a hearing by a board member, compensation was awarded appellee, and upon an application for review the Full Industrial Board, by a majority of its members, found all the essential facts necessary to sustain an award in favor of appellee, and found for the appellee "on each and every paragraph" of appellant's answer. Compensation was awarded to appellee and this appeal followed. The errors assigned and relied upon for reversal are that the award is contrary to law and that the finding and award is not sustained by sufficient evidence.

There is no conflict in the evidence. Appellant, by a stipulation entered into between the parties, admits the employment; the injury by accident arising out of and in the course of the employment; the disability resulting

from the injury, and the average weekly wage. Appellant, however, contends that compensation should not have been awarded because the undisputed evidence proves that at the time of the accident and injury appellee was committing a misdemeanor, and hence is barred from recovering any award by virtue of the provisions of Sec. 8 of "The Indiana Workmen's Compensation Act of 1929," the same being Sec. 9453, Burns' R. S. Supp. 1929, which, insofar as applicable here, is as follows: "No compensation shall be allowed for an injury . . . due to the employee's . . . commission of a felony or misdemeanor . . . or his wilful failure or refusal to perform any statutory duty."

The evidence establishes that at the time of the accident and injury appellee, together with the vice-president of appellant company, and one Van Pelt, a fellow employee of appellee, were using an "elevator hoist" as a means of conveyance to the upper part of a building being constructed by appellant, and when said hoist reached a point a little above the second floor of the building it fell, and the injuries to appellee occurred. This elevator hoist was constructed and used for the purpose of hoisting material necessary for use in the erection of the building; it was operated by another employee of appellant and at the time of the accident was loaded with approximately 8,000 pounds of steel; it was raised or lowered by means of cables and pulleys, the power being furnished from a hoisting engine; it was a common occurrence for appellee and other employees of appellant to use this elevator hoist in going up and down while at work on the building. Prior to the accident the Administrative Building Council of Indiana, created by the General Assembly of 1923, had adopted the rule or regulation pleaded in appellant's third and fourth paragraphs of answer, and hereinbe-

fore set out. It had been published in pamphlet form and was in full force and effect when the accident happened. Appellee, however, had no knowledge of any such rule, and no notice of any kind had been posted anywhere on or about the premises where appellee was working concerning such rule, nor had appellee been informed by any person, that riding on said elevator hoist was forbidden. In fact, as the evidence conclusively shows, riding on the elevator hoist had not been forbidden by the employer, but allowed; appellee's superior, the vice-president of appellant, was with him on the elevator hoist at the time of the accident.

There is no evidence to sustain the allegations of appellant's second and fourth paragraphs of answer to the effect that the injuries were due to appellee's █ *wilful failure* or *refusal* to perform a statutory duty, and the board was clearly right in its finding as to this issue presented. The uncontradicted facts as proven entirely refute any such charge, as it is necessarily true that where there is no knowledge of the existence of a rule or duty there can be no *wilful* failure or refusal.

Appellant's chief contention on appeal is that appellee was committing a misdemeanor by riding on said elevator hoist, and, therfore, is not entitled to an █ award. It is asserted that the Administrative Building Council of Indiana, is given power and authority by the act creating it (Acts 1923, p. 195; Burns R. S. of 1926, Sections 4447 to 4460 inclusive) to adopt rules and regulations; that it did adopt the rule pleaded in the answer of appellant, which rule was in force when the injury was received; that this rule had the full force and effect of law and that appellee was bound to obey and observe such rule the same as though it were a part of our statutory law; that appellee violated the rule and in so doing committed a misdemeanor,.

thus barring any right of his, which might otherwise exist, to receive an award of compensation.

The law creating the said council (Acts 1923, *supra)* provides that it, through its administrative committee, shall have power, jurisdiction and authority as follows: "To administer, execute and enforce any and all laws now in force or hereafter enacted in this state relative to the construction, repair or maintenance of places of employment and public buildings, as shall render the same safe and sanitary. To ascertain, fix and order such reasonable standards, rules, regulations, classifica-tions, approval of plans and specifications of places of employment and public buildings as shall be necessary to carry out the purpose of this act." (Sec. 4450, Burns R. S., 1926.) Section 12 of this act, being section 4458, Burns R. S. 1926, is as follows: "If any employer, owner or other person shall violate any of the provisions of this act, or shall do any act prohibited therein, or shall fail to perform any duty lawfully enjoined, within the time prescribed by the administrative committee or shall fail, neglect or refuse to obey any lawful order given or made by the administrative committee or any judgment or decree made by any court in connection with the provisions of this act, for each such violation, failure or refusal, such employer, owner or other person upon conviction thereof shall be fined in any sum not less than ten dollars ($10) nor more than one hundred dollars ($100) for each offense."

Considering the statutory law above quoted together with the rule adopted by said building council, did the action of appellee in using the elevator hoist as a means of conveyance from one part of the building being constructed to another part thereof, when said hoist was also used to place materials, make it obligatory upon the Industrial Board, as a matter of law, to deny compensation to appellee under the facts proven in the instant

case? We think not. To so hold would be to defeat the purpose of our compensation law. Here the rule itself provided that "it shall be the duty of the persons in charge of such building or structure to see that this rule is complied with and observed." As we view the rule in connection with the statute authorizing its enactment, its purpose and effect is to require of persons in charge of construction work that their employees be notified that they are forbidden to do that which the rule seeks to prevent, and section 4458, *supra,* fixes the penalty which may be imposed against the employer if he neglects to attempt to enforce the rule.

It would be manifestly unjust to hold that an employer might ignore a rule adopted as this one was, and then invoke it in order to defeat an award of compensation to his servant, who was injured while in the discharge of the duties of his employment in the way and manner allowed, permitted and authorized by the employer. This is particularly true when, as in the instant case, the servant has no knowledge of the existence of the rule violated. Sec. 8, of our compensation law was not intended to shield an employer under a state of facts such as is disclosed by this record.

The award is affirmed and increased five per cent as required by statute.