COOPER *v.* HAMNER.

[No. 14,950.   Filed November 10, 1933.   Rehearing denied February 23, 1934.]

*Ralph B. Gregg,* for appellant.

*Thomas Van Buskirk* and *C. C. Hendren,* for appellee.

KIME, C. J.—This is an appeal from an award of the Industrial Board in favor of the appellee, the dependent of deceased, with three of the members making the award and the other two dissenting therefrom. The assignment of error is the statutory assignment that the award was contrary to law. To the appellee's application there was filed by the appellant five paragraphs of special answer, only one of which is presented here: that alleging the commission of a misdemeanor by appellee's decedent in that he was working on the Sabbath, in violation of the law. However, there is no showing that the commission of this misdemeanor was the proximate cause of the accident, hence this defense must fail. *Wood* v. *Snyder et al.* (1925), 83 Ind. App. 31, 147 N. E. 314.

The facts, as disclosed by the record, show that appellee's decedent, after a previous conversation with appellant, relative to the work, went to appellant's place of business on Sunday morning, September 11th, 1932, to install or correct the existing installation of a system of electric bells. There was then a system which was not working and which appellant believed needed the installation of two addi-

tional wires. The appellant designated the location of the bells and told decedent if he could put them in operating condition, without the additional wires, to do so. There was some talk about the charge for the work but from the evidence it is difficult to determine whether an agreement was made for the stated amount of fifty or sixty cents or whether it was to be done for fifty or sixty cents an hour.

Decedent started working and appellant left the vicinity in which he was working and went to the rear of the premises. Very shortly thereafter appellant heard an explosion and decedent ran from the building injured. He was immediately removed to the hospital where he died a few hours later. There is some evidence here from two witnesses to the effect that the appellant said in their presence that he was to pay the deceased by the hour. From the above it is clear that there was some competent evidence upon which the board could find that this man was an employee. Since the board has so found it is our duty to affirm the award.

Appellant devotes much of his brief to the discussion of the independent contractor doctrine but, from the above evidence, we are bound by the finding of the board. Award affirmed with increase of five per cent as provided by statute.