### BENNETT v. MAUMEE COLLERIES COMPANY.

[No. 14,257. Filed November 14, 1934. Rehearing denied January 26, 1935.]

*Walter W. Wills* and *Stanley E. Stohr,* for appellant.

*Charles Fox,* for appellee.

BRIDWELL, C. J.—Appellant filed his application before the Industrial Board of Indiana for an award of compensation under and pursuant to the provisions of The Indiana Workmen's Compensation Act of 1929. His application was filed June 6, 1933, and he claimed compensation for an injury alleged to have been suffered on July 28, 1931. The application was first heard by one member of the board who awarded compensation, and thereafter, the full board, by a majority of its members, upon hearing an application for review, made a finding and award in favor of the appellee. From the award so made this appeal is prosecuted, under an assignment of errors that the award is contrary to law and is "not supported by sufficient evidence." The first assignment is sufficient to present the question raised by this appeal.

Appellant's contention is that the evidence heard by the Industrial Board was of such character that it was incumbent upon said board, as a matter of law, to make an award in his favor, and that the award made of necessity had to be based upon a mere guess, surmise, or possibility that appellant was suffering from something which was not connected with his injury.

There is evidence to prove that at the time of the injury claimed, appellant, while discharging the duties of his employment, was carrying a railroad tie to place across a "hole" in order that a loading shovel used by appellee in operating its mine and "stripping coal" therein, might pass over said excavation, and that appellant as he stepped into said hole to place said tie across the same slipped and lost his balance receiving a sudden jerk, causing him to feel as if "something

came loose"; that as a result of said accident gastroptosis and enteroptosis ensued. There is also evidence tending to prove that approximately fifty per cent of the population have a "dropping" of the stomach and intestines. The medical testimony as to appellant's physical condition and the probable reasons therefor is conflicting.

The record also discloses that following the accident on July 28, 1931, appellant worked 28 days in August, 15 days in September, 24 days in October, 18 days in November, and 15 days in December, of that year; that he continued working for appellee at its stripping mine in the following year until October 4th, except when the mine was not operating.

It is within the province of the board to determine the facts, and, when it reaches a legitimate conclusion upon the evidential facts and makes its finding and award, we can not disturb the award made, even though we might prefer another result, which would be equally legitimate.

We have read the evidence and cannot say that it is of such a conclusive character as to force a contrary conclusion from that reached by the Industrial Board, whose duty it is to weigh the evidence and determine the facts.

Award affirmed.