### DOST *v.* MCGILL MANUFACTURING COMPANY ET AL.

[No. 16,250. Filed October 21, 1938.]

*Howard Clark* and *Loring & Douglas,* for appellant.

*Jones, Obenchain & Butler,* for appellees.

BRIDWELL, J.—This appeal is from an award of the Industrial Board of Indiana, denying compensation to appellant as the widow of one Louis R. Dost, who, on and prior to January 23, 1937, was employed by the appellee McGill Manufacturing Company as a tool and die maker, and whose death occurred on October 15, 1937. Appellant's application for adjustment of her claim for compensation alleges that said "Louis R. Dost died as a proximate result of personal injuries received by him on January 23, 1937, by reason of an accident arising out of and in the course of his employment."

After hearing an application for review of an award

by one member of the board, the full board made its finding, and we quote therefrom that portion of the same which presents the controversy we are asked to determine on appeal:

"And the Full Industrial Board now finds that the death of plaintiff's decedent was not the result directly or indirectly of any accidental injury sustained by said plaintiff's decedent arising out of and in the course of his employment with the defendant."

It is assigned as error that the award is contrary to law, and it is the contention of appellant that the uncontradicted evidence is such that the board, exercising its duty to draw reasonable inferences from facts and circumstances proved by evidence, should have made a finding of accidental injury arising out of and in the course of decedent's employment, which injury at least hastened his death.

We have read the evidence. It shows that the principal cause of death was chronic myocarditis, and there is medical testimony to prove that injury as the result of a trauma would hasten death on the part of one afflicted with this disease. There is some evidence from which the board might have found that he, the decedent, received an injury to his abdomen by accident while in the employ of the appellee manufacturing company which hastened his death, but it did not so find. No good purpose would be served by setting forth the evidence in detail. It is not entirely without conflict, and, after careful consideration, we are of the opinion that from some of the evidence in the record reasonable men might reasonably draw different conclusions concerning material facts in issue. It is not of such character as to force a conclusion contrary to that reached by the board.

A finding of facts made by the Industrial Board is binding on this court when supported by any evidence, and we are not at liberty to disregard any such finding,

or to substitute our judgment as to what the finding should be in place of that of the board, except only when there is no conflict whatever in the evidence, or but one inference that could be logically drawn from facts proved.

Award affirmed.