## SQUARE D COMPANY *v.* O'NEAL

[No. 17,489.   Filed June 4, 1946.   Rehearing Denied October 3, 1946.   Transfer Denied November 19, 1946.]

[For Opinion on Petition for Refund of Transfer Deposit, see 225 Ind. ___.]

*Jones, Oberchain & Butler,* of South Bend, for appellant.

*Henry L. Humrichouser,* of South Bend, for appellee.

HAMILTON, C. J.—This is an appeal from an award of the Full Industrial Board of Indiana, granting appellee compensation under the Indiana Workmen's Occupational Diseases Act, § 40-2201 *et seq.,* Burns' 1940 Replacement, because of the occupational disease known as silicosis, contracted by him while in the employ of the appellant by reason of which said disease he sustained a 60% permanent partial impairment to the man as a whole. The error assigned is that the award of the Full Industrial Board is contrary to law.

Appellant contends that the award is contrary to law for two reasons, to wit: (a) That the facts found by the Industrial Board are insufficient to sustain the award; and (b) that there is no evidence to sustain the findings of the board that: (1) Any hazard of silicosis existed in the occupation or process in which the appellee was engaged and in the conditions under which he worked after 1937; (2) that the hazard of silicosis, if

any, to which appellee may have been exposed after 1937 was one to which he would not have been equally exposed outside the occupation or process in which he was engaged and the conditions under which he worked after 1937; and (3) that appellee was exposed to the hazard of silicosis in the performance of his duties after 1941; and (4) that he was last exposed to silicosis on November 1, 1945.

The Full Industrial Board found the following essential facts, to wit:

That on January 22, 1945, the appellee was in the employ of appellant at an average weekly wage in excess of $34; that in the performance of his duties for said appellant, appellee was exposed to the occupational disease of silicosis; that appellee did contract the occupational disease known as silicosis and that appellee had been in the continuous employ of appellant since 1928 up to January 22, 1945, when he became temporarily totally disabled on account of said occupational disease and was off work to April 30, 1945, when he resumed his work and did work up to November 1, 1945, when he became temporarily totally disabled and ceased work on account of said occupational disease. That appellee's last exposure to said occupational disease was November 1, 1945; and that as a result of said occupational disease he has sustained a 60% permanent partial impairment to the man as a whole.

Upon these facts the board rendered its award in favor of appellee, giving him compensation at the rate of $18.70 per week for a specific period of 300 weeks, not to exceed the sum of $5,500, beginning November 1, 1945.

In support of its first proposition, appellant asserts that the award is not sustained by a finding that the

last exposure of the disease of silicosis occurred
November 1, 1945, where the board further finds
that disablement occurred January 22, 1945.

This contention is without merit for the reason that
the Industrial Board expressly found that appellee had
been in the continuous employ of the appellant from
1928 to January 22, 1945, when he became temporarily
totally disabled on account of the disease, silicosis, and
was off work to April 30, 1945, when he resumed work
and did work thereafter until November 1, 1945, when
he again became totally disabled and ceased work
entirely because of said occupational disease.  These
facts support the further finding by the Industrial
Board that appellee's last exposure to the occupational
disease was November 1, 1945, the date he left appel-
lant's employ.  *Durham Mfg. Co.* v. *Hutchins* (1945),
115 Ind. App. 479, 484, 59 N. E. (2d) 444.  The findings
expressly show that appellee's disablement was the
result of his exposure to the disease of silicosis during
his continuous employment and that the disablement
occurred on January 22, 1945, although he was able
to do some work thereafter until November 1, 1945,
when he was compelled to quit his employment as a
result of the disease.

Appellant contends further that the findings by the
Industrial Board to the effect that, in the performance
of his duties for appellant, appellee was exposed
to the occupational disease of silicosis; that he
was temporarily disabled on January 22, 1945;
and that his last exposure to such disease was on
November 1, 1945, the date he left his employment with
appellant, is not the equivalent of finding: (1) That
the hazard of the disease of silicosis existed in the work
appellee performed and in the conditions under which
he worked after 1937; (2) that in such working condi-

tions after 1937 appellee was exposed to the hazard of silicosis; and (3) that such hazard was different from the hazard to which he would have been equally exposed outside of his employment and working conditions, all as required by §§ 40-2206 and 40-2226, Burns' 1940 Replacement.

We cannot agree with appellant in such contentions. We hold that the findings of facts as rendered by the Industrial Board are sufficient to sustain the award as against such contentions and contain all of the essential elements required by the sections of the statute referred to. *Durham Mfg. Co.* v. *Hutchins, supra.*

Appellant's second proposition is based upon the contention that there is no evidence in the record to sustain the findings of facts as made by the Full Industrial Board upon each of the following subjects, to wit: Whether any hazard of silicosis existed in the work and under the conditions surrounding appellee and his work after 1937; (2) whether the hazard of silicosis, if any, to which appellee may have been exposed after 1937 was one to which he would not have been equally exposed outside of his employment and the conditions under which he worked after 1937; (3) that there is no evidence to establish that appellee was exposed to the hazard of silicosis in his work after 1937; and (4) that there is no evidence to establish that appellee was exposed to the hazard of silicosis on November 1, 1945.

An examination of the record discloses that the evidence presented to the Industrial Board upon each of the above mentioned questions was sharply conflicting. Under such circumstances it was the exclusive province of the Industrial Board, as the trier of the facts, to weigh the evidence, determine the credibility of the witnesses and decide with whom the truth lay, and its finding upon the questions of fact

cannot be disturbed on appeal, or our judgment as to the weight of the evidence substituted for that of the Industrial Board. *Schlechtweg* v. *McQuay-Norris Mfg. Co.* (1946), 116 Ind. App. 375, 64 N. E. (2d) 664; *Fuller* v. *Delco Remy Division of General Motors Corp.* (1945), 116 Ind. App. 272, 63 N. E. (2d) 542; *Jeffersonville Boat & Machine Co.* v. *Rager* (1946), 116 Ind. App. 521, 65 N. E. (2d) 638.

There is ample evidence in the record from which the Industrial Board was justified in finding each of the facts set forth in the findings of facts made by said board. There is also evidence in the record to sustain appellant's contentions, if such evidence had been believed by the Industrial Board. However, the Industrial Board found that the preponderance of the evidence was against appellant's contentions, and, since there is substantial evidence to sustain the findings of the board, we must affirm its decision.

The award is hereby affirmed, with the statutory penalty of five percent.

NOTE.—Reported in 66 N. E. (2d) 898.