BUSINESS SYSTEMS, INCORPORATED *v.* GILFILLEN ET AL.

[No. 18,026. Filed June 15, 1950. Rehearing denied September 18, 1950. Transfer denied October 20, 1950.]

*Henry L. Humrichouser,* of South Bend, for appellant.

*Samuel Schulman,* of South Bend, for appellees.

ROYSE, C. J.—This appeal primarily questions the sufficiency of the evidence to sustain the award of the Full Industrial Board of Indiana that the death of appellees' decedent resulted from an accident arising out of and in the course of his employment with appellant.

The facts as disclosed by the record may be summarized as follows:

Roy Edward Gilfillen was the husband and father of appellees. Appellant's principal office is in South Bend, Indiana. For about one year and a half prior to December 2, 1948 Gilfillen was employed by appellant as an outside salesman. It was his duty to call on customers within a radius of seventy-five to one hundred miles around South Bend. His time was more or less his own. He saw his customers when it was convenient for them to see him. Appellant furnished him an automobile and paid his expenses while he was on the road. He was allowed expenses for entertainment of his customers. He had an entirely free hand in determining what customers he would call on and when he would call upon them.

On Wednesday morning, December 1, 1948, he called one Hugh Bundy (who was appellant's general manager) from the office of a customer in Elkhart, Indiana. He told Bundy he was going to Kalamazoo, Michigan on business for appellant. He said he did not know at that time whether he would stay all night in Kalamazoo or Sturgis where he had to make two calls. He expected to get home about noon Thursday. About 6 P. M. on December 1st he called his wife at their home in South Bend from the hotel in Sturgis. He told her he had made his calls in Kalamazoo and was staying in Sturgis all night to make his calls there the next morning. He told her he was not feeling well and was going to take some aspirin, get a bite to eat, and go to bed. (He was in good health except that in the past

year he developed asthma which bothered him in cold weather. He had to use adrenalin for this and carried a hypodermic needle so he could give himself a shot. He had an attack about a week before he took the above mentioned trip).

About 1:30 A. M. December 2nd he checked out of the hotel and told the clerk he could not sleep and felt he was getting a cold, and that he was going home. About two hours later, while driving his car eastward on Road 112 toward Sturgis from the west he collided with a truck loaded with four Packards and was killed. The driver of the truck said he saw Gilfillen approaching and when they were about fifty feet apart he believed Gilfillen was to the right of the center line. The truck driver was as far to the right as it was safe to drive with the load he was carrying. He said about a second before the collision he saw Gilfillen's car was left of the center line of the road. He estimated the speed of Gilfillen's automobile at seventy miles per hour. The road was straight. There was no rain or mist.

Appellant contends that the foregoing facts were not sufficient to sustain the finding of the Board that the death of appellees' decedent resulted from an accident arising out of and in the course of his employment.

In certain types of employment which require a continuity of service by the employee the exact time of the accident is not as important in determining whether the accident arose out of and in the course of the employment as it is in cases where the hours of the employee are fixed. Traveling salesmen are within this class. Speaking on this subject in his *Workmen's Compensation Law of Indiana*, Professor Small, at pp. 161, 162, § 7.4, says:

"The traveling man's employment is probably more inclusive than that of any other workman.

Since it is his employment which requires him to be away from home, he is generally held to be within the course of his employment from the time he embarks until he returns to his home or place of business, as long as his absence is work-caused. During the time when he is away, there is a continuity of service whether he is actively engaged in representing his employer or whether he is attending to his own incidental needs occasioned by his travel. His personal needs are incidents to his work in such cases. Nor is the course of employment confined to daytime injuries. Compensation was allowed for the death of a truck driver due to asphyxiation in a tourist camp at night. It was allowed in another case for injuries sustained by an insurance adjuster when he fell on a sidewalk leading from a train station to his hotel."

In this case it is undisputed that decedent was away from home on appellant's business. He had customers to see in Sturgis on the morning of December 2nd. At the time of the accident he was driving toward Sturgis on the road from South Bend. It seems to us from the record herein the Board might reasonably have inferred decedent was on this road at the time of the accident because of his duties as a salesman for appellant. Under such circumstances the accident which caused his death arose out of and in the course of his employment.

The appellant filed a special answer in which it averred the death of Gilfillen was caused by his wilful misconduct in that he did not drive on the right side of the highway. Appellant had the burden of proof on this issue. We cannot say the evidence herein requires a reversal of the Board's finding on this question.

Furthermore, in compliance with the rule stated by our Supreme Court in the case of *McCord* v. *Strader*

*et al.* (1949), 227 Ind. 389, 86 N. E. 2d 441, 443, this case must be affirmed because of the failure of appellant, under the heading "Argument" in its brief, to discuss any of the propositions, points of law and authorities cited under those heads in its brief.

Award affirmed.

NOTE.—Reported in 92 N. E. 2d 868.