TRW, INC., ROSS GEAR DIVISION *v.* EUGENE D. WEST.
[No. 2-1272A134. Filed August 1, 1974.]

*John T. Rocap, Bruce M. Pennamped, Rocap, Rocap, Reese & Young,* of Indianapolis, *Edwin J. Bunny,* of Indianapolis, for appellant.

*Theodore J. Smith,* of Lafayette, for appellee.

CASE SUMMARY

BUCHANAN, J.—Review is sought by Defendant-Appellant TRW, INC., ROSS GEAR DIVISION (TRW), from an affirmative Award entered by the Full Industrial Board of Indiana (the Board) in favor of Plaintiff-Appellee EUGENE D. WEST (West) for temporary total disability resulting from injuries received by West in operating a rider-truck, claiming insufficient evidence to support the Board's findings of fact.

We affirm.

CASE HISTORY

When this case was first considered by us on March 14, 1973, it was determined, as contended by TRW, that the Findings of Fact originally entered by the Board on November 9, 1972, were not sufficiently specific to enable this Court to intelligently review the Board's decision. *TRW, Inc., Ross Gear Division* v. *West* (1973), 155 Ind. App. 495, 293 N.E.2d 517.

Therefore it was remanded with directions to the Board to submit Supplemental Findings, specifically setting forth the facts and circumstances surrounding West's injury.[1]

In compliance, The Board submitted Supplemental Findings of Specific Facts on April 12, 1973, which are set forth below.

FACTS

The evidence before the Board most favorable to West is as follows:

On January 9, 1968, West sustained an injury to his right knee in the course of his employment at TRW, which required an operation (a medial meniscectomy), which resulted in a hypertrophied horn being left in the knee. He received workmen's compensation benefits for the resulting 15% permanent partial impairment of the right leg and thereafter returned to work on May 28, 1968, continuing on the job steadily for two years.

---

1. Because our previous Opinion in this appeal set forth the Findings of Fact of November 9, 1972, they will not be repeated here.

On May 27, 1970, West was involved in an accident in which he was thrown from a rider-truck, causing him to twist his right knee. He reported the mishap to the night nurse and exhibited his swollen knee, but did not see the company doctor at that time. He did, however, take medication which had been originally prescribed by the company doctor when he was being treated for the previous knee injury.

West continued working with some difficulty until February 12, 1971, at which time he sustained a compensable injury to a finger which required surgery and a forced rest period. During this time his knee grew progressively worse and West subsequently consulted a company doctor, Dr. Lind, at the Arnett Clinic, where West had received treatment for his 1968 knee injury.

On April 14, 1971, Dr. Lind performed surgery on West's knee, removing cartilage and the hypertrophied horn from the right knee.

West returned to work on May 21, 1971, and continued to work until September 9, 1971, at which time the problems with his right knee caused him to again cease work. His knee condition resulted in a third surgery on January 11, 1972, in which Dr. Lind fused the entire knee, leaving West permanently stiff in his right leg.

Omitting formal parts, the Supplemental Findings of Facts found by the Board on April 11, 1973 are:

The plaintiff herein has been in the employ of the defendant since approximately September of 1959. That on or about January 9, 1968, while in the defendant's employment the plaintiff received an injury to his right knee which later resulted in surgery and an impairment rating of 15% of the right leg above the knee. Thereafter, plaintiff was able to and did return to his employment with the defendant. That the plaintiff did, however, claim to experience some continued problems with the right knee even after the surgery, but the plaintiff did continue to work for the defendant.

It is further found that on or about May 27, 1970, while the plaintiff was still in the employment of the defendant, at an average weekly wage in excess of the maximum $95.00, the plaintiff sustained an accidental injury when he was thrown from a rider-truck which was backing up to a ramp and the injury that then resulted occurred when the right knee was twisted during the plaintiff's being thrown from said rider-truck.

That, thereafter, the plaintiff's right knee became swollen and he suffered considerable pain and discomfort in said right knee but he did continue to work for the defendant and was given duties which enabled him to continue working after the accidental injury of May 27, 1970.

It is further found, by the Board, that on or about February 12, 1971, while at work for the defendant, the plaintiff suffered an injury to his hand and because of this hand injury he became unable to work for the defendant. During this period of disability, due to the hand injury, the plaintiff's right knee became progressively worse and he consulted Dr. J. J. Lind, an orthopaedic surgeon, and defendant was notified that additional treatment was necessary for the right knee. That, thereafter, on April 14, 1971, the right knee was surgically treated and the cartilage was removed. That, thereafter, the plaintiff was released to return to work on May 21, 1971.

It is further found that the plaintiff continued to work until September 9, 1971, at which time the problems with his right knee caused him to again cease work. Thereafter, the plaintiff's right knee was fused with the result that he has a permanently stiff right knee due to the accidental injury of May 27, 1970, which accidental injury also aggravated the plaintiff's pre-existing condition due to the accidental injury of January 9, 1968.

The Board further finds that the plaintiff did receive an accidental injury arising out of and in the course of his employment with the defendant on May 27, 1970, and that as a

result of said injury the plaintiff experienced periods of temporary total disability from April 13, 1971, to May 21, 1971, and then from September 27, 1971 to the time of the Industrial Board hearing in this matter. It is further found that there was no evidence of permanent partial impairment and no evidence that the injuries had reached a permanent and quiescent state at the time of said Industrial Board hearing.

That prior to the filing of plaintiff's Form 9 Application for benefits the parties made a good faith effort to adjust the claim and resolve the dispute and that this effort resulted in disagreement and plaintiff filed his claim on May 18, 1971.

The Full Industrial Board further finds that the defendant had notice of the accidental injury of May 27, 1970, but has not paid the statutory medical and has not been paid the appropriate temporary total disability benefits pursuant to the Indiana Workmen's Compensation Act.

It is further found by the Board that the plaintiff should be paid compensation benefits for his temporary total disability from April 13, 1971 to May 21, 1971 and from September 27, 1971 to April 13, 1972, and that said benefits should be paid in cash and in a lump sum. It is further found that the defendant should be ordered to pay the statutory medicals in connection with the plaintiff's May 27, 1970 accidental injury.

## ISSUE

As our previous opinion in this appeal disposed of the issue of specificity of the original Findings of Facts and no issue has been presented as to the specificity of the Supplemental Findings of Fact of April 11, 1973,[2] the only issue is:

Were the Supplemental Findings of Fact entered
by the Board supported by sufficient
evidence of probative value?

---

2. We should comment, perhaps, that the Supplemental Findings represent considerable improvement over the original Findings.

TRW contends that the Board's Findings of Fact of April 11, 1973 are insufficient because there is no evidence that an "accident" occurred on May 27, 1970 resulting in West's disability and that his disability was solely due to a preexisting condition resulting from the 1968 injury to his knee.

West says TRW only weighs the evidence, and considering the evidence as a whole most favorable to him it is of sufficient probative value to sustain the Findings of Fact made by the Board.

## DECISION

CONCLUSION—It is our opinion that there was sufficient evidence of probative value presented to the Full Board to sustain its Supplemental Findings of Fact filed with this Court pursuant to our order.

Contemporaneously with the decision in this case we are handing down our decision in *Bohn Aluminum* v. *Kinney,* which under Issue One treats the identical question of sufficiency of the evidence to sustain Findings of Fact by the Industrial Board of Indiana. Because it sets forth some of the mountains of authority supporting the principles that this Court will not weigh evidence or the credibility of witnesses and the standard of review in reviewing Findings of the Industrial Board, it is not necessary that we repeat here our dedication to these old friends which we encounter so frequently along the channels of appellate review . . . and just as often ignored by appellants.

TRW makes the naked assertion:

"that nowhere in the record of this case is there any evidence that relates the employee's disability to the May 27, 1970, incident. To the contrary, the record is replete with evidence from which the only conclusion is that employee's knee was in a degenerative process as a result of the osteoarthritis and the surgery of January, 1968, and that the knee fusion was because of the osteoarthritis; and, the disability is the result of those conditions and not the incident of May 27, 1970."

This is not so.

West recounted the accident of May 27, 1970 in some detail and produced TRW's First Aid records which acknowledged the incident and the resulting injury. A union official informed TRW of the accident. West also testified that he told Dr. Lind that the injury was the result of the rider-truck accident.

Dr. Lind testified that the knee was in a condition of precarious balance and that a twist might upset that balance and hasten the necessity of surgery. He further testified the operation performed by him after the May 27, 1970 incident revealed considerable damage to the knee.

Accordingly there was substantial evidence of probative value that the accident with the rider-truck occurred on May 27, 1970; that West was in fact injured as a result thereof; that West reported the incident to TRW's first-aid employee; that as a proximate result of the accident (together with the already weakened condition of West's knee as a result of the January, 1968, accident and subsequent surgery thereon) West received an injury to his right knee resulting in the absence from work for which West claim's workmen's compensation benefits. *Bennett* v. *Maumee Collieries Co.* (1934), 99 Ind. App. 632, 192 N.E. 725; *Claypool Machine Co.* v. *Cripe* (1937), 104 Ind. App. 156, 10 N.E.2d 427; *Dost* v. *McGill Mfg. Co.* (1938), 105 Ind. App. 646, 16 N.E.2d 973; *Stanley* v. *Riggs Equipment Co.* (1961), 133 Ind. App. 86, 178 N.E.2d 766; *Drompp* v. *East* (1961), 134 Ind. App. 110, 178 N.E.2d 217; *Page* v. *Board of Commissioners* (1973), 155 Ind. App. 215, 292 N.E.2d 254; *Bohn Aluminum & Brass Co., Plant #9* v. *Kinney* (1974), 161 Ind. App. 128, 314 N.E. 2d 780.

The Board chose not to adopt TRW's version of the facts, which it had every right to do. *Ken Schaefer Auto Auction, Inc.* v. *Tustison* (1964), 136 Ind. App. 174, 180, 198 N.E.2d 873, 876; *Huffman* v. *U. S. Steel Corp.* (1971), 148 Ind. App. 561, 268 N.E.2d 112; *Hudgins* v. *Deeds* (1969), 145 Ind. App. 418, 251 N.E.2d 478; *Lewis* v. *Marhoefer Packing Co.* (1969),

148

144 Ind. App. 220, 245 N.E.2d 685; *Tonn and Blank, Inc.* v. *Curtis* (1967), 141 Ind. App. 115, 226 N.E.2d 551; *Shaffer* v. *Indiana Gas & Chemical Corp.* (1965), 137 Ind. App. 471, 209 N.E.2d 919; *Square D Co.* v. *O'Neal* (1946), 117 Ind. App. 92, 66 N.E.2d 898; *Mt. Pleasant Mining Corp.* v. *Vermeulen* (1946), 117 Ind. App. 33, 65 N.E.2d 642; *E. I. DuPont de Nemours & Co.* v. *Green* (1945), 116 Ind. App. 283, 63 N.E. 2d 547.

Having *again* rejected the folly of weighing the evidence, the decision of the Board is affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 314 N.E.2d 839.