MOTOR FREIGHT CORPORATION *v.* DAVID L. JARVIS.

[No. 2-173A19. Filed March 20, 1975.]

*David E. Rosenfeld, Rosenfeld, Wolfe & Frey,* of Terre Haute, for appellant.

*John R. Hammond, Hammond, Pugh & Cromer,* of Indianapolis, for appellee.

CASE SUMMARY

BUCHANAN, J.—Review is sought by the Defendant-Appellant Motor Freight Corporation (MFC) of an affirmative award granted by the Full Industrial Board of Indiana (the Board) in favor of Plaintiff-Appellee David L. Jarvis (Jarvis) for temporary total disability resulting from injuries received by Jarvis in operation of a tractor-trailer, claiming insufficient evidence and that the Award was barred by Section 8 of the Act.

We affirm.

CASE HISTORY

When this case was first considered by this Court on November 27, 1974, it was determined that the Findings of Fact originally entered by the Board on June 28, 1972, were not sufficiently specific to enable us to intelligently review the Board's decision.

Accordingly, an Order was issued by this Court directing the Board to enter specific findings as to the facts surrounding the accident including violation of applicable statutes and the proximate cause of Jarvis' injuries.

In compliance, the Board certified specific Findings of Fact on December 26, 1974 which are set forth below.

FACTS

The evidence before the Board most favorable to Jarvis indicates the following:

On September 6, 1971, at 10:00 a.m., Jarvis left Indianapolis for Chillicothe, Missouri, in MFC's tractor-trailer, arriving at his destination at 7:00 p.m. the same day.

After delivering the trailer at the designated terminal in Chillicothe, Jarvis called the Central Dispatch Office at Terre Haute, Indiana, and received a message from the Road Dispatcher, Joe Dowty (Dowty) to call home. Doing so, Jarvis was informed that his wife was seriously ill and that he was needed at home immediately.

Jarvis then contacted Dowty to inform him that he had to return to Indianapolis as soon as possible due to his wife's illness. Dowty suggested he use public transportation, but indicated that if such means were not available, his trailer load would be available at 8:30 p.m. for the return trip to Indianapolis.

Unable to secure public transportation Jarvis informed Dowty that he was returning with the load . . . and Dowty gave his permission.

Jarvis then departed Chillicothe at 10:30 p.m. the same evening. Three and a half hours later, after crossing the Indiana border, the tractor-trailer was involved in an accident resulting in injuries to Jarvis for which he claimed workmen's compensation benefits. He testified that he did not remember the exact circumstances surrounding the accident, but did recall he was neither speeding nor driving in a reckless manner and that the weather condition in the area was "foggy".

MFC's Special Answer to Jarvis' Form 9 (Application for Compensation) alleged that Jarvis' injuries:

". . . were due to:

"1. The wilful misconduct of said employee in this, to-wit: His commission of a misdemeanor by violating Section 395.3(a) of the rules promulgated by the United States Department of Transportation, which provides, in part, as follows:

" 'Except as provided in paragraphs (c) and (e) of this section, * * * no motor carrier shall permit or require any driver used by it to drive, nor shall any such driver drive more than ten hours following eight consecutive hours off duty, or drive for any period after having been on duty fifteen hours following eight consecutive hours off duty * * *.'

"2. The wilful failure and refusal to obey a reasonable written or printed rule of the employer, and which said rule was duly promulgated by the United States Department of Transportation pursuant to the rule making powers of said regulatory agency, and of which rule this plaintiff was fully aware prior to the accident in question.

"3. The wilful failure and refusal of plaintiff to perform the following duty required by statute:

"Rule 395.3(a) of the Rules promulgated by the United States Department of Transportation pursuant to Title 49, Section 304, United States Code Annotated."

Jarvis admitted he unwittingly violated the Motor Carrier Saftey Regulations promulgated by the United States Department of Transportation [49 U.S.C.A. § 395.3(a)], (the Federal Regulation), which requires an eight-hour rest period between every ten consecutive hours of duty, but testified that he had no knowledge of such rules or regulations, and proceeded with the return trip in disregard of the Federal Regulations on the basis of the authorization given to him by Dowty, MFC's agent.

Jarvis' claim was presented to the Hearing Member who, based on the foregoing evidence, awarded medical expenses and benefits for temporary total disability from the date of the accident to the date of the hearing, (to be continued until terminated in accordance with the provisions of the Workmen's Compensation Act). Thereafter, MFC filed an Application for Review by the Full Board, which ultimately filed the following Findings of Fact on December 26, 1974:

"The Full Industrial Board of Indiana, having reviewed said Order of the Court of Appeals and having reviewed the previous findings of fact and Award of the Board, as well as the entire transcript in this cause of action, now makes the following findings of fact in this cause:

"That Plaintiff had no actual knowledge of pertinent United States Department of Transportation Regulations and did not knowingly and wilfully contradict his statutory duty thereunder.

"That Plaintiff had driven his vehicle in a manner prohibited by the United States Department of Transportation regulations in that he had driven too many hours

within the prescribed period. That there were prescribed certain penalties for violating the aforementioned regulations and further that such violations would be classed as misdemeanors.

"That Plaintiff was given instructions by a general, or special agent of the Defendant who had the authority to expressly instruct said operation of the vehicle but that the evidence does not show that said agent expressly instructed Plaintiff to operate the vehicle in derogation of the pertinent Federal regulations. It is further found that the Plaintiff drove the truck with the acquiescence of Defendant's agent.

"It is further found that the Federal regulations hereinbefore mentioned did not constitute written or printed rules of the employer within the meaning of Section 8 of the Indiana Workmen's Compensation Law so that the violation thereof would constitute a misdemeanor which would serve as a bar to the allowance of workmen's compensation under the Indiana Law.

"It is further found that the evidence fails to show that Plaintiff's injuries were due to his commission of a misdemeanor, or his wilfull failure or refusal to obey a reasonable written or printed rule of the employer, or his willful failure or refusal to perform any statutory duty; in that there is no showing, that even if the above were committed, the same proximately caused the injuries suffered by Plaintiff herein.

"The Full Industrial Board further finds that Plaintiff has been temporarily totally disabled from September 6, 1971, to the date of the hearing on January 24, 1972."

## ISSUE

Because the Board's additional Findings of Fact filed pursuant to our Order are sufficiently specific to enable this Court to review the Award, we need not discuss the specificity issue raised by MFC in its original brief.[1] Thus, the only issue before us is:

Do the additional Findings of Fact entered by the Board support the Award and is there sufficient evidence of probative value to support the Findings?

MFC contends that the Findings of Fact are contrary to

---

1. *Transport Motor Express, Inc.* v. *Smith* (1974), 262 Ind. 41, 311 N.E.2d 424.

the evidence presented at the hearing which indicated the injuries were the result of ("due to") Jarvis' knowingly and wilfully committing a misdemeanor by violating his statutory duty without MFC's authorization.

Jarvis argues that, although in conflict, this Court may not reweigh the evidence, and accepting that evidence most favorable to him, it is of sufficient probative value to sustain the Findings of Fact and the Award.

## DECISION

CONCLUSION—It is our opinion that there was sufficient evidence of probative value presented to the Industrial Board to sustain its additional Findings of Fact and the Award.

Courts of appeal are reluctant to disturb administrative findings of fact. IC 1971, 22-3-4-8, Ind. Ann. Stat. § 40-1512 (Burns Repl. 1965), states: "An award by the full board shall be conclusive and binding as to all questions of (the) fact. . . ."

It has been repeatedly stated by this and the Indiana Supreme Court that review of an Award made by the Industrial Board which questions the sufficiency of the evidence upon which the Board based its Findings, will be limited:

". . . to an examination of the evidence to ascertain whether the Finding of the Industrial Board does not rest upon substantial factual foundations. We may reverse the Award only . . . (1) If it should appear that the evidence upon which the Industrial Board acted was devoid of probative value; (2) That the quantum of legitimate evidence was so proportionally meager as to show that the Finding does not rest upon a rational basis or; (3) That the result must have been substantially influenced by improper considerations." *Pollock* v. *Studebaker Corporation* (1952), 230 Ind. 622, 625, 105 N.E.2d 513, 514.

On appeal, this Court can neither determine credibility of witnesses nor weigh the evidence heard by the Board to

determine for whom it preponderates and we will not disturb the Board's Findings unless the evidence is undisputed and leads inescapably to a contrary result.

*See, Bohn Aluminum & Brass Co.* v. *Kinney* (1974), 161 Ind. App. 128, 314 N.E.2d 780; *Smith* v. *Graver Tank & Mfg. Co.* (1973), 158 Ind. App. 431, 302 N.E.2d 852; *Williamson Company* v. *Review Board of Ind.* (1969), 145 Ind. App. 266, 250 N.E.2d 612; *Lockwood* v. *Board of Trustees* (1969), 144 Ind. App. 430, 246 N.E.2d 774; *Dormeyer Industries* v. *Review Board* (1962), 133 Ind. App. 500, 183 N.E.2d 351; *Blue Ribbon Pie Kitchens, Inc.* v. *Long et al.* (1952), 230 Ind. 257, 103 N.E.2d 205; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399; *Vonnegut Hardware Co.* v. *Rose* (1918), 68 Ind. App. 385, 120 N.E. 608.

When the evidence presented is conflicting it has long been the law in Indiana that the Award will be sustained by this Court upon review, unless:

". . . reasonable men would have only reached a contrary conclusion on the same evidence, or that there is no evidence of substantial and probative value to support the Findings and Award of the Board. . . . [W]e can only affirm the Award of the Board where the evidence is conflicting." *Shaffer* v. *Indiana Gas & Chemical Corp.* (1965), 137 Ind. App. 471, 475-76, 209 N.E.2d 919, 922.

*See also, Ken Schaefer Auto Auction, Inc.* v. *Tustison* (1964), 136 Ind. App. 174, 198 N.E.2d 873, in which this Court stated:

"An examination of the record discloses that the evidence presented to the Board was sharply conflicting. It has been held many times by this Court and the Supreme Court that *if the evidence is conflicting or is susceptible to different conclusions the Award of the Board must be affirmed.*" 136 Ind. App. at 180, 198 N.E.2d at 876. (Emphasis supplied)

*Teter* v. *Mid-State Poultry & Egg Co.* (1962), 134 Ind. App. 452, 184 N.E.2d 824; *Square D Company* v. *O'Neal* (1946), 117 Ind. App. 92, 66 N.E.2d 898; *Mt. Pleasant Mining Corp.* v. *Vermeulen* (1946), 117 Ind. App. 33, 65 N.E.2d 642; *E. I. DuPont deNemours & Co.* v. *Green* (1945), 116 Ind. App. 283, 63 N.E.2d 547.

MFC points to certain conflicts in the evidence concerning Jarvis' knowledge of the Federal Regulation[2] requiring an eight-hour rest period between every ten hours of consecutive duty, authorization by Dowty of the return trip to Indianapolis, and whether Jarvis' injuries were caused by his operating the vehicle in contravention of the federal statute.

Our examination of the record reflects sufficient—albeit conflicting—evidence that Jarvis had no knowledge of the Federal Regulation which required him to rest after ten hours on duty, and that Dowty (as MFC's agent with express authority) permitted Jarvis to return to Indianapolis, which was done with the acquiescence of the Road Dispatcher. We can not say that reasonable men only could have reached a contrary conclusion from the conflicting testimony before the Board and therefore there is sufficient evidence to support the Findings of Fact. *See, Page* v. *Board of Commissioners* (1973), 155 Ind. App. 215, 292 N.E.2d 254; *Drompp* v. *East* (1961), 134 Ind. App. 110, 178 N.E.2d 217; *Stanley* v. *Riggs Equipment Co.* (1961), 133 Ind. App. 86, 178 N.E.2d 766; *Dost* v. *McGill Mfg. Co.* (1938), 105 Ind. App. 646, 16 N.E.2d 973; *Claypool Machine Co.* v. *Cripe* (1937), 104 Ind. App. 156, 10 N.E.2d 427; *Bennett* v. *Maumee Collieries Co.* (1934), 99 Ind. App. 632, 192 N.E. 725.

In interpreting the evidence before it the Board obviously heard only the melody by Jarvis, not the discord of MFC.

Having determined that there was sufficient evidence of probative value to support the Board's finding that Jarvis had no knowledge of the Federal Regulation and that MFC's agent authorized and acquiesced in the forbidden trip, we turn to MFC's argument that Jarvis is precluded from re-

---

2. 49 U.S.C.A. §§ 322(a) and 304(a)(1), read in pertinent part:

"Maximum driving and on-duty time. . . . . [N]o motor carrier shall permit or require any driver used by it to drive nor shall any such driver drive more than ten (10) hours following eight (8) consecutive hours off duty. . . ."

"Any person knowingly and wilfully violating any provision of this chapter, . . . shall, upon conviction thereof, be fined not less than $100 nor more than $500. . . ."

covering workmen's compensation benefits by virtue of IC 1971, 22-3-2-8, Ind. Ann. Stat. § 40-1208 (Burns Repl. 1965), (hereinafter § 40-1208) which in pertinent part provides:

*"Wilful misconduct—self-inflicted injury—intoxication— burden of proof.—*

"No compensation shall be allowed for an injury or death due to employee's intentionally self-inflicted injury, his intoxication, *his commission of a felony or misdemeanor,* his wilful failure or refusal to use a safety appliance, his wilful failure or refusal to obey a reasonable written or printed rule of the employer which has been posted in a conspicuous position in the place of work, or his wilful failure or refusal to perform any statutory duty. *The burden of proof shall be on the defendant.* [Acts 1929, ch. 172, § 8, p. 536.]" (Emphasis supplied)

Because he committed a misdemeanor by violating the Federal Regulation requiring an eight-hour rest period between trips, MFC urges that Jarvis has brought himself within the terms of § 40-1208 thereby defeating the Award.

While Jarvis may have technically committed a misdemeanor by violating the Federal Regulation, MFC was privy thereto and may not raise the commission of the misdemeanor as a defense.

Dean Small explains why acquiescence of the employer together with a lack of knowledge of a safety statute on the part of the employee prevents the employer from using the specific defenses set out in § 40-1208:

"It should be noted in such cases that *even though a workman has committed a misdemeanor through violation of some statute, his guilt will not defeat a claim for compensation where it is condoned by the employer. Where an employer knows that an employee has been violating safety statutes, and has acquiesced in it, he cannot be heard to set up such a violation as a defense to a claim for injury or death growing out of the breach.* At least this would seem to be the law in cases where the workman's *acts were performed in innocence of the fact that they amounted to a statutory violation.*" Small, WORKMEN'S COMPENSATION LAW OF INDIANA, § 11.1, p. 319 (1950 Ed.) (Emphasis supplied)

*See also,*

> *Kuhner Packing Co.* v. *Hitchens* (1933), 97 Ind. App. 228, 186 N.E. 262; *Morris* v. *Miller* (1931), 93 Ind. App. 534, 179 N.E. 29; *Nordyke & Marmon Co.* v. *Swift* (1919), 71 Ind. App. 176, 123 N.E. 449; *Inland Steel Co.* v. *Lambert* (1917), 66 Ind. App. 246, 118 N.E. 162; *Indianapolis Heat & Light Co.* v. *Fitzwater* (1918), 70 Ind. App. 422, 121 N.E. 126; *General American Tank Car Corp.* v. *Borchardt* (1919), 69 Ind. App. 580, 122 N.E. 433; *Smith* v. *Leslie* (1926), 85 Ind. App. 186, 151 N.E. 17; *American Steel Foundries* v. *Fisher* (1938), 106 Ind. App. 25, 17 N.E.2d 840; *Hufford* v. *Livingston* (1922), 79 Ind. App. 519, 137 N.E. 279; *Fox* v. *Slusser* (1925), 82 Ind. App. 565, 146 N.E. 875.

So, MFC, having acquiesced in the misdemeanor may not rely on § 40-1208.

A further prerequisite to an employer's successful invocation of the defenses under § 40-1208, is proof that ■ such conduct or act proximately resulted in the employee's injuries:

> "It is, of course, implicit that before any type of *misconduct* will be held sufficient to bar a recovery of compensation, it *must be the proximate cause of the harm for which compensation is sought.*"

> \* \* \*

> "Needless to say, the commission of a *misdemeanor must be the proximate cause of the results* which follow; otherwise, it is no bar." Small, WORKMEN'S COMPENSATION LAW OF INDIANA, *supra,* pp. 316, 318. (Emphasis supplied)

*See also,*

> *Hayes Freight Lines* v. *Martin* (1949), 119 Ind. App. 97, 84 N.E.2d 205; *Gary Railways* v. *Garling* (1949), 120 Ind. App. 36, 88 N.E.2d 571; *Business Systems* v. *Gilfillen* (1950), 120 Ind. App. 565, 92 N.E.2d 868; *Anti-Mite Engineering Co.* v. *Peerman* (1943), 113 Ind. App. 280, 46 N.E. 2d 262; *Wood* v. *Snyder* (1925), 83 Ind. App. 31, 147 N.E. 314; *Cooper* v. *Hamner* (1933), 98 Ind. App. 272, 187 N.E. 407.

Jarvis testified that the weather conditions were foggy in the vicinity of the accident and that he was neither speeding nor driving in a reckless manner—a statement supported

by the police report made at the time of the accident by the policemen who investigated the incident. With this evidence in the record we cannot say as a matter of law that Jarvis' injuries were a result of his committing a misdemeanor nor can we say as a matter of law that the Board improperly found that Jarvis wilfully failed or refused to obey an employer rule or perform a statutory duty.

We also observe that § 40-1208 specifically places on the defendant employer the burden of proving both the misconduct and that it proximately resulted in the employee's injuries. The Board found that MFC failed to carry this burden of proof even though there was evidence from which the inference could be drawn that Jarvis went to sleep at the wheel.

Accordingly, we will not be persuaded to substitute our interpretation of the evidence for that of the Board as set forth in their Findings of Fact, nor will we redetermine the proximate cause of Jarvis' injuries as the Board's decision is based upon conflicting evidence. *See, Bohn Aluminum & Brass Co.* v. *Kinney, supra; T.R.W., Inc., Ross Gear Division* v. *West* (1974), 161 Ind. App. 141, 314 N.E.2d 839; *Stanley* v. *Riggs Equipment Co., supra; Huffman* v. *U. S. Steel Corp.* (1971), 148 Ind. App. 561, 268 N.E.2d 112; *Hudgins* v. *Deeds* (1969), 145 Ind. App. 418, 251 N.E.2d 478; *Lewis* v. *Marhoefer Packing Co.* (1969), 144 Ind. App. 220, 245 N.E.2d 685; *Tonn & Blank, Inc.* v. *Curtis* (1967), 141 Ind. App. 115, 226 N.E.2d 551; *Shaffer* v. *Indiana Gas & Chemical Corp., supra.*

We conclude that there was sufficient evidence of probative value to sustain the Findings of Fact and the Award entered by the Full Industrial Board is accordingly affirmed.

Sullivan, P.J., concurs; White, J., concurs in result only.