EVANS et al. v. DICKENSON et al.

(Circuit Court of Appeals, Fifth Circuit. February 25, 1902.)

No. 1,084.

1. ACKNOWLEDGMENT—POWER OF NOTARY TO TAKE—TERRITORIAL LIMIT.

Under the statute of Florida (McClel. Dig. p. 791, § 1), providing for the appointment of notaries public, who "shall use and exercise such office of notary public for such places and within such limits and precincts as the governor shall direct," one commissioned by the governor "to be notary public in and for" a certain county has no power to take an acknowledgment outside of such county.

2. HUSBAND AND WIFE—CONVEYANCE BY WIFE OF SEPARATE PROPERTY—REQUISITES.

Under the laws of Florida, a married woman can convey or incumber her separate statutory property only by an instrument executed in strict conformity to the requirements of the statute, and such a conveyance is void where the notary public before whom it was acknowledged had no authority to act in the county where the acknowledgment was taken.

8. SAME—RATIFICATION OF VOID MORTGAGE.

A married woman gave a mortgage upon her separate statutory property, which was void for defective acknowledgment. She subsequently joined with her husband in a mortgage on other property, which recited the prior mortgage, and that the second was given to secure an extension of the indebtedness thereby secured. It further provided that, on default in payment of taxes, etc., both mortgages should be subject to foreclosure. The second mortgage was properly acknowledged, but it was stated in the acknowledgment of the wife that she executed the same for the purpose of releasing her dower, etc., in the property therein described. Held, that the execution by her of the second mortgage did not operate by ratification or estoppel to validate the first mortgage, there being nothing therein indicating such intention.

4. SAME—CURATIVE STATUTE—EFFECT ON PENDING LITIGATION.

Where a mortgage given by a married woman, and admittedly securing a valid debt, was held void solely on the ground that the acknowledgment was taken by a notary public of another county, not authorized to act outside of such county, and, pending an appeal from the decree, the legislature of the state passed an act legalizing all such notarial acts done by notaries of the state in good faith, the appellate court may, and should, in the interest of justice, give effect to such act as curing the irregularity in the execution of the instrument before it. Per Pardee, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the Southern District of Florida.

The following is the opinion of the circuit court, delivered by LOCKE, District Judge:

Not only must the findings of the master in this case be considered prima facie correct, but a careful consideration of the master's report, the exceptions thereto, the testimony upon which the same is based, and the arguments of counsel in this case, both orally and by brief, compels me to reach the same conclusion that he has reached. It is unquestionably the policy of the law to protect a woman's private property by requiring and demanding an exact compliance with the terms and conditions upon which she may convey the same. The property in question, although conveyed by the husband to the wife, was so conveyed at a time when, as it appears, there was no reason why a gift should not be legally justifiable, and convey the full title. See Jones v. Clifton, 101 U. S. 225, 25 L. Ed. 908. The deed had been on record for about 10 years, and the property was recognized and well known as the property of a married woman. In order to convey such property, it was required by the law that she make an acknowledgment of her intentions in regard to such conveyance before a party duly authorized to receive such acknowledgments. The law of Florida is that a notary public is appointed only for such places and within such precincts as the governor shall direct. The party taking this acknowledgment had only been appointed and commissioned for the county of Alachua, and the acknowledgment was taken and certified in Marion county. If his power to take acknowledgments, which is one of the most important powers of a notary, is not limited to that county, what limitations could there be to any of his acts or doings, and of what force would be the terms of the statute? It is true that some courts have held that the power of a notary in taking acknowledgments, under the statutes of certain states, is not limited to the county of his appointment, but it is considered that the weight of authority, where the language of the statute is as clear and distinct as it appears to be in this state, is to the contrary.

The supreme court of this state has not passed upon the question positively, but in Stewart v. Stewart, 19 Fla. 848, where the question was raised, it says: "It appears by the certificate of acknowledgment and proof, and by the testimony of the case, that the justice of the peace certifying the same was an officer of Alachua county, and that he took the acknowledgment and certified the same within the county of Marion. This act of the justice beyond his territorial jurisdiction may be void, but yet is good inter partes," —appearing to intimate that, if the question had turned entirely upon the extraterritorial act of the justice, it might be considered void.

Although there is found in the certificate of acknowledgment a declaration that the notary who took the same was a notary of Marion county, yet the seal affixed thereto showed that he was a notary for Alachua county only, and this was sufficient to put the mortgagee on notice that the acknowledgment had not been taken before a person duly authorized.

As to the ratification by the second mortgage, upon other property, it is considered that the terms of the acknowledgment, taken separate and apart from her said husband, declared and determined the intention of the married woman in joining in that document. Her declaration upon that examination, as appears by the certificate, was that she joined therein for the purposes of "releasing, relinquishing, renouncing, and mortgaging her right of dower, dower, separate estate, and property of every nature and character whatsoever in and to the said property and every part thereof." There had been in this second mortgage no property mentioned or described except that conveyed therein; and to presume that at that time she had the intention of ratifying the first mortgage, and in effect consenting to a transfer of the property described in it, or that such declaration was made upon her separate examination at that time, appears to me to be an unnatural and forced construction.

Unquestionably, the complainants suffer pecuniary loss, but there appears to be not only a noncompliance with the letter of the law required to transfer

the property of a married woman, but a notice thereof contained in the very seal of the document. The exceptions to the master's report will therefore be overruled, and a decree follow in accordance therewith.

Robert L. Anderson (William Hocker, on the brief), for appellants.
Wm. Wade Hampton, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. A majority of this court are of opinion that there is no reversible error in the record, and they approve the conclusions of the judge presiding in the circuit court, as shown by his opinion in the record.

Affirmed.

PARDEE, Circuit Judge (dissenting). The bill in this cause was filed to foreclose two mortgages executed by appellees. One of these bears date August 24, 1887; the other, February 23, 1893. The latter was executed upon an agreement for extension of time for payment of the original debt secured by the former. Both were designed to create a lien upon lands in Marion county, Fla.

The answer "admits the giving of" both these mortgages by the appellees, but defense is made as to the original one, of August 24, 1887, based exclusively upon the alleged facts that the property therein described was held by M. Julia Dickenson as her separate statutory property, she being at the time and ever since a married woman; that this mortgage was never executed and acknowledged as required by the state laws relating to the conveyances of such property; that the acknowledgment was "illegal, null, and void," because taken in Marion county, Fla., by a notary public of the adjoining county of Alachua, this notary having been appointed for the latter county only. This is the only ground upon which the mortgage was assailed or the suit resisted, and is the only ground upon which the court below refused to decree appellants the substantial relief demanded.

January 1, 1901, the learned special master, in his report against the right of the appellants to recover in this case, concluded as follows:

"In the case presented here we find a lady signing the mortgage with her husband in the presence of witnesses, making a declaration in writing under her own hand declaring that the officer who took her acknowledgment was an officer of the county in which she lived, and permitting complainants to go for years under the apprehension that this declaration was true, when the fact is when the lien is undertaken to be enforced she then discloses that this same officer was not the officer that she had previously declared that he was, and that he was an officer of another county, and it is to be presumed that he had simply gone across the border line of the two adjoining counties to her home for her convenience and accommodation, and took this acknowledgment. The authorities seem to sustain, however, just such transactions as this. W. S. Bullock, Special Master in Chancery.
"January 1, 1901."

In his opinion confirming the master's report, filed February 23, 1901, the learned judge of the circuit court admits the hardships of the case. The legislature of the state seems also to have been advised of the injustice in this and perhaps other cases; for on the 22d of May, 1901, following, it enacted a law, which was approved and went into

effect the same day, entitled "An act to legalize the acts of all notaries public of the state of Florida up to April 1, 1901," which act provides "that any and all notarial acts that were done in good faith by any notary public in the state of Florida, or who was a notary public in the state of Florida and whose term of office expired before the 1st day of April, A. D. 1901, are hereby declared valid." Acts 1901, p. 113.

As in the instant case, there is no dispute that the only irregularity in the whole transaction was and is that a duly qualified notary for Alachua county only took the acknowledgment of Mrs. M. Julia Dickenson in Marion county; and as it is admitted that this was done in good faith, and as the act is broad and full enough to cover the present case, I am of opinion that the legislative act aforesaid fully ratified and legalized such acknowledgment; and as the irregularity of this acknowledgment is the only ground upon which this court relieves Mrs. M. Julia Dickenson from the obligations of an honest contract, honestly entered into by all the parties, I enter my dissent.

There can be no doubt that the legislature by ratification may make valid any act which it had authority to previously authorize. I can see no reason why a ratifying act may not be available in the interest of justice, on appeal or writ of error, and there are respectable authorities to that effect. Underwood v. Lilly, 10 Serg. & R. 97; King v. Course, 25 Ind. 202. I have no doubt the authorities can be multiplied on research.

And there is another feature of this case which justifies some mention. The second mortgage, by and between the same parties, dated February 23, 1893, recites the first, and the indebtedness thereunder, acknowledging its full effect, and the said second mortgage was given to procure an extension of time for the payment of the indebtedness. This mortgage was regularly acknowledged according to the strictest requirements of the state law, and, among other things, it contains this provision:

"It is further agreed that a failure to pay the taxes aforesaid or any part thereof, or of failure to pay the said debt or any part thereof, or of any interest due thereon, shall render the foreclosure of this mortgage and the said former mortgage liable to a foreclosure for the whole of the said debt, or for such part thereof, at the election of the mortgagors or their assigns."

Except for the peculiar favor which it is claimed should be extended to married women, the second mortgage in this case would be held to estop Mrs. M. Julia Dickenson from setting up any irregularity in the acknowledgment of the first mortgage in any and all courts where decrees are rendered in accordance with equity and good conscience.