FRAZER ET AL. *v.* MCMILLIN AND CARSON.

[No. 14,338.   Filed January 29, 1932.   Rehearing denied May 19, 1932.]

*Sol H. Esarey*, for appellants.

*Slaymaker, Merrell, Ward & Locke* and *James V. Donadio*, for appellees.

WOOD, P. J.—On September 6, 1929, and for several years previous thereto, Berkley Frazer had been in the employ of the appellees, who were manufacturers' distributors for the Hobart Manufacturing Company of Troy, Ohio, and the McCray Refrigerator Company of Kendallville, Indiana, as a salesman and service man. On this date, the home office and place of business of appellees was located in the city of Indianapolis, Indiana. Berkley Frazer worked out of this office. On the afternoon of the above date, he was en route from Indianapolis, Indiana, to Troy, Ohio, driving an automobile furnished to him by appellees for his use in the capacity in which he worked for them. His daughter, Sarah Elizabeth Frazer, a child at that time, 13 years of age, accompanied him on the trip. Between the hours of 8:30 and 9 o'clock p. m. of the same day, while driving upon what is known as "Federal Road 40," near the village of Lewisburg, Ohio, he ran into a freight train standing across the public highway, receiving injuries

which resulted in his death on the same evening. He left surviving him as his only dependents the appellants Laura Frazer, wife, and Sarah Elizabeth Frazer, daughter. During the forenoon of September 6, Berkley Frazer and the appellee Carson had been in the city of Bloomington, Indiana, where Frazer called upon a customer to whom he had previously sold a food chopper, manufactured by the Hobart Manufacturing Company. He found that the knife and plate of this machine were defective and needed repairing, detached same from the machine and took them with him, stating to the customer that he was going into the factory at Troy, and would take the parts with him, have them repaired and returned not later than the following Monday. The Frazers owned an apartment house in Troy. When he left his home in Indianapolis for Troy, he took with him some cushions which were to be delivered to tenants occupying some of these apartments.

Appellants filed a claim on the usual form with the Industrial Board of Indiana for compensation as dependents of Berkley Frazer. Upon a hearing before a single member of the board, an order was made denying compensation. Thereupon, an appeal was taken to the full board, where, on a hearing at which additional evidence was heard a majority of the board also made an order denying compensation. From the award of the full board, this appeal is taken. Appellants have assigned 26 purported errors for reversal of this cause. No point is made or authority cited, directed to or in support of the last 11 of these assignments in appellants' brief; they are, therefore, waived and will not be given further consideration. The first and second assignments of error are as follows: "(1) That the award of the full board is contrary to law. (2) The board erred in making said award on February 27, 1931 in favor of appellees." The second

assignment of error presents no question. All the remainder of the alleged errors assigned would not be proper to present any error for review to this court under the civil procedure, but would only be cause for a new trial.

The Industrial Board is an administrative body, vested with quasi-judicial powers. *In re Ale* (1917), 66 Ind. App. 144, 117 N. E. 938. Section 59, Acts 1929 p. 536, provides that: "The board by any or all of its members shall hear the parties at issue, their representatives and witnesses, and shall determine the dispute in a summary manner." Section 61 of the same act also provides that, "either party to the dispute may within thirty days from the date of such award appeal to the appellate court for errors of law under the same terms and conditions as govern appeals in ordinary civil actions." The same section further provides that: "An assignment of errors that the award of the full board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts." In the case of *Union Sanitary Mfg. Co.* v. *Davis* (1917), 63 Ind. App. 548, 114 N. E. 872, this court held that it was the intention of the Legislature to provide compensation and proper award under the minimum of legal procedure; that the rehearing before the full board answered the purpose of a new trial; that under the act it was not necessary to make a motion for a new trial; that it was not contemplated nor was it necessary to file motions to modify or set aside the award. The record in the instant case, as in the above case, shows that the appellants excepted to the original award of the single member and the final award of the full board on review. The bill of exceptions containing all the evidence, shows the objections and exceptions to all rulings on the admissibility and

exclusion of evidence. This bill is certified to by all members of the board. We hold, therefore, that "an assignment of errors that the award of the full board is contrary to law" on the record as it comes to us in this case, presents for the consideration of the court all alleged errors shown by the record, and that it is not necessary to assign each one complained of as a separate error for reversal of the cause. *Union Sanitary Mfg. Co.* v. *Davis, supra*; *Pedlow* v. *Swartz* (1918), 68 Ind. App. 400, 120 N. E. 603.

The only question in controversy between the parties to this proceeding is whether or not, at the time Frazer met with the accident causing his death, the same arose out of and in the course of his employment within the meaning of the Indiana Workmen's Compensation Act of 1929, Acts 1929 p. 536, *supra*.

The burden rests upon the claimant to establish each fact necessary to a legal award of compensation. The award must be based upon something more than mere guess, surmise, possibility or conjecture. *Pioneer Coal Co.* v. *Hardesty* (1921), 77 Ind. App. 205, 133 N. E. 398. It must be based upon some legitimate evidence. *Indiana Bell Tel. Co.* v. *Haufe* (1924), 81 Ind. App. 660, 144 N. E. 844. The finding of facts made by the Industrial Board is binding upon this court when sustained by competent evidence, and it will not weigh the evidence.

In the case at bar, if the award is supported by some competent evidence, it must be sustained, even though there was some incompetent evidence improperly admitted. *Consumers Co.* v. *Ceislik* (1919), 69 Ind. App. 333, 121 N. E. 834.

On September 12, 1929, the appellees prepared a report of the accident as required by §66 of the Workmen's Compensation Act. The exact date on which it was filed with the Industrial Board is not shown by

the record, but it was within a few days after the accident. In this report the appellees stated that the injury sustained by Berkley Frazer arose "out of and in the course of his employment." This report was admitted in evidence at a hearing before a single member of the Industrial Board on April 25, 1930. From an examination of the record, we find that the insurance carrier of the appellant caused a report of this accident to be prepared in the office of their representatives in the city of Indianapolis, and filed with the Industrial Board. It bears date of September 10, 1929, but the exact date upon which it was filed with the board does not appear. It was filed by the insurance carrier, as disclosed by the record, without the knowledge or consent of appellees. This report has deleted from it the words, "arising out of and in the course of employment." At the hearing of this cause before the single member of the board on April 25, 1930, this report was admitted and read in evidence over the objection of appellants. Our attention has not been called to any provision of the Workmen's Compensation Act, authorizing or permitting an insurance carrier to make or file with the Industrial Board a report of an accident. An examination of the act does not disclose any such authority. This report should not have been received, filed, admitted in evidence or considered by the single member or the full Industrial Board in determining the merits of this cause.

Upon a review of appellants' application for compensation by the full board, both sides to the cause, on leave obtained, submitted additional evidence. At this hearing, appellants filed a written motion to suppress the depositions of two witnesses because they had been taken before and certified by a notary public of Marion County, Indiana, outside his county and state, in Preble County, Ohio. This motion was

overruled by the full board, and the depositions were read in evidence. The record supports the allegations of the motion. Notaries public in Indiana are appointed and commissioned by the Governor. "The jurisdiction of any notary public duly qualified in this state shall be co-extensive with the limits of the state; but no notary shall be compelled to act out of the limits of the county in which he resides." §§11994-11996 Burns 1926, Acts 1855 p. 145. The statute itself definitely defines the limits of the jurisdiction within which an Indiana notary public may act. It is completely removed from the realms of speculation. The authorities hold that the official activities of a notary public are limited to the political division for which he is appointed and commissioned and that his acts outside his territorial limits are void. *Woods* v. *Polhemus* (1856), 8 Ind. 59; *Patterson* v. *Patterson* (1814), 1 D. Chip. (Vt.) 200; *Harris* v. *Burton* (1843), 4 Har. (Del.) 66; *Evans* v. *Dickerson* (1902), 114 Fed. 284; 46 C. J. §28, p. 516. The motion to suppress the depositions should have been sustained. This makes it unnecessary for us to determine the other questions presented, relating to the competency of the evidence of these two witnesses.

Appellants, to sustain their claim, at the hearing before the single member of the board, introduced and read in evidence the report of the accident made and filed by appellees with the Industrial Board. This report was competent and was *prima facie* evidence of the facts and admissions therein set out. *Hege & Co.* v. *Tompkins* (1919), 69 Ind. App. 273, 121 N. E. 677; *McDowell* v. *Duer* (1922), 78 Ind. App. 440, 133 N. E. 839; *Mid-City Iron, etc., Co.* v. *Turner* (1929), 89 Ind. App. 38, 165 N. E. 760. The burden rested upon appellee to impeach this report with competent evidence.

In the case of *Consumers Co.* v. *Ceislik, supra,* in considering the matter of the admission of incompetent evi-

dence in an Industrial Board hearing, the court said: "Appellant also contends that its rights were prejudiced by the board's consideration of incompetent evidence. If it be conceded that incompetent evidence was heard, it does not follow that the board gave it weight in arriving at its conclusion as to the facts established. The mere fact that incompetent evidence is heard is not cause for reversal, where, as in this case, there was some competent evidence which tended to establish every material fact found." It necessarily follows that the antithesis of the above proposition is true.

After eliminating from the record the depositions of the two witnesses, and the report of the accident filed by the insurance carrier, both of which we have held were incompetent and improperly admitted in evidence, a careful examination of the evidence remaining in the record fails to disclose any evidence of probative force or sufficient in character to sustain the award of the full board. It is stipulated between the parties that Berkley Frazer was an employee of appellees; that his average weekly wage was $30; that he met with an accident resulting in his death; that the appellants were the wife and daughter respectively of the decedent, and it was admitted by appellees in the report which they filed with the Industrial Board that the accident causing death arose out of and in the course of Frazer's employment, and this admission is not overcome by any competent evidence upon which the award of the full Industrial Board could be based.

The award of the full Industrial Board is, therefore, reversed, with instructions to enter an award of compensation for the appellants not inconsistent with this opinion.