HESS *v.* THE OHLEN BISHOP COMPANY

[No. 14,738. Filed December 14, 1932. Rehearing denied February 23, 1933.]

*Estal G. Bielby,* for appellant.

*Herman L. McCray, Edward J. Boleman, Burrell Wright,* and *Jacob S. White,* for appellee.

KIME, P. J.—The appellee, Ohlen Bishop Company, operates a manufacturing plant in which it manufactures saws, knives and other cutlery, in the City of Lawrenceburg, Indiana. The appellant, John Hess, was employed in said factory of appellee as an offbearer on a planer used by said appellee in its manufacturing business.

It is alleged by appellant that on the 14th day of April, 1931, he received certain personal injuries by reason of an accident arising out of and in the course of his employment in appellee's factory, by reason of which he lost the sight of his left eye. Not being able to agree upon compensation with the appellee, the appellant filed his appli-

cation with the Industrial Board of Indiana on account of said injuries. The application was filed on June 5, 1931, and was heard by a single member of the board. There was a finding and award in favor of appellant, and on October 28, 1931, appellee filed its application for review by the full Board. A hearing was thereafter had before the full Board, who found that appellant's alleged accidental injury was not the result of an accident arising out of and in the course of his employment. It was ordered that appellant take nothing by his application of June 5, 1931. Appellant then prayed for and was granted an appeal to this court, and has assigned as error that "The finding and order of the Full Industrial Board entered on July 5, 1932, is contrary law."

The question presented for decision is wholly one of fact, namely, whether the accidental injury caused the disability of appellant. We have carefully read the brief of appellant and find that there is considerable competent evidence to the effect that appellant had never had trouble with his eyes prior to the time of the injury.

Appellant, at the hearing before the single member of the board, testified that he was never bothered with either of his eyes before receiving the injury and that he was not blind before receiving said injury; that he was left-handed; that he had been out hunting in November prior to the injury and that he shot left-handed and closed his right eye and sighted with the left.

Dr. George F. Smith testified that he had known appellant since childhood and never knew him to have any trouble with his eye prior to the accident, and that he had been the family physician for many years.

Lloyd Sturgeon, an acquaintance of appellant's testified that he had known appellant for seven years, that he had worked with him for about two years; that he had never noticed anything wrong with either of appellant's eyes and that he had gone hunting with appellant,

that appellant shot left-handed, closed his right eye and sighted with his left.

Peter Ulrich testified that he had worked for appellee for three years, that he ran a planer and had to have a helper, and that appellant was one of his helpers for eight or nine months; that appellant was the best helper he had ever had; that he had never noticed any trouble with either of appellant's eyes prior to the injury and that appellant did not work at the planer after he received the injury.

There was additional testimony along these same lines by other witnesses, but it would serve no useful purpose here to go into further detail.

Appellee bases its defense upon the testimony of two physicians, Dr. K. L. Stohl and Dr. D. A. Bartley. Among other things, Dr. Bartley testified that appellant's vision had been destroyed by some infection or disease of the retina or cornea that got in before the injury, and that if it had been as recent as this injury (injury of April 14, 1931) there still would have been an inflammation at the time he saw him. He also testified that appellant may have been blind ten to fifteen years.

Dr. Stohl testified that "the injury appellant had down there (at appellee's plant) didn't damage his eye permanently. I am sure not. I am not always right but I am giving my honest opinion about it now and it is not possible that I am in error. The injury had nothing to do with his loss of vision in his left eye. I told you that before. Had it been a fresh condition instead of an old condition I would say the condition caused it."

Appellant insists that there is no evidence to support the finding of the board that the injury to his left eye was not caused by reason of an accident arising out of and in the course of his employment, but in view of the testimony of Drs. Stohl and Bartley we cannot agree with this contention. Although the finding in this case may ap-

pear to be manifestly against the weight of the evidence, the law of this state precludes this court from setting aside said finding where there is any competent evidence to support same. If the contrary were true it would amount to a weighing of the evidence, and we have consistently held that we cannot do this.

Having found sufficient evidence to sustain the findings of the full Industrial Board, the award of said board is hereby in all things affirmed.