Colgate-Palmolive-Peet Company *v.* Setliff et al.

[No. 15,136. Filed March 16, 1934.]

578

*Rocap & Rocap,* for appellant.

*Charles Fox* and *John A. Riddle,* for appellees.

KIME, J.—This is an appeal from an award of the full Industrial Board, in favor of appellees, granting them compensation for the death of Walter Carroll Setliff, upon whom they were dependent.

The statutory assignment that the award of the full Industrial Board is contrary to law is sufficient to present the case here.

From the evidence it appears that Walter Carroll Setliff was a salesman for the appellant, driving a one and one-half ton truck owned by the appellant, in which he carried their products, for sale to the trade, in his territory. He was driving this territory for the first time and after taking an order to Linton he had an order to deliver at Bloomington, Indiana. He started in the general direction of Bloomington at about 7:30 P. M. of March 23rd,

1933, leaving Linton at that hour. There was no evidence as to what route he took when he left Linton, but it is assumed that he went from Linton to Bloomfield and from Bloomfield to a point where state highways numbered 45 and 54 join, near the place called Cincinnati. From this point he evidently took highway numbered 54 in the direction of the town of Oolitic. The town of Oolitic is situated in Lawrence County and is not in the territory assigned to Setliff, however, it appears that Bedford is in Lawrence County and the appellant maintains a warehouse there, to which decedent had the right to go to replenish his stock. There was kept in the appellant's warehouse at Bedford a large supply of their products. There was also a warehouse at Bloomington where it is known that Setliff had an order to deliver. Two of Setliff's superior officers testified that he was not directed as to the routes he should take and that he could take any route that he desired to use to get to any place in his territory that he desired to make.

It was stipulated that he was in the employ of appellant at $32.50 per week and that he died as a result of an accident and that the appellees were wholly dependent upon him. Thus there remains only one fact to be determined by the board and that is whether or not this accident arose out of and in the course of his employment.

Decedent's body was found near Oolitic in the wreck of his truck, at about 9:00 o'clock P. M. on March 23rd, 1933. It was within the province of the board to draw reasonable inferences from the facts proven and from the facts proven the board has drawn one inference. Such inference is binding upon this court even though another inference just as reasonable might have been drawn from the facts. From these facts it is a reasonable inference that the board may have drawn that Setliff, being new to this territory and not familiar with

the roads, took the wrong road at the junction of the two highways and was killed in the accident before he discovered that he was on the wrong road. The board may have drawn an inference from the facts proven that he did not have the merchandise with which to supply the order, in his truck, and that it was not obtainable at the Bloomington warehouse and was in stock at the Bedford warehouse; and that Setliff was enroute to the Bedford warehouse when the accident occurred. Of course, from the facts proven other reasonable inferences might be drawn but that is strictly within the province of the Industrial Board and this court is without authority to interfere.

Finding no reversible error the award of the Industrial Board is affirmed.