WELTON *v.* STATE HIGHWAY COMMISSION ET AL.

[No. 19,333. Filed December 5, 1960.]

*Rabb Emison* and *Emison & Emison,* of Vincennes, for appellant.

*Edwin K. Steers,* Attorney General, and *Paul H. Frazier,* Deputy Attorney General, for appellees.

KELLEY, J.—Appellant is the dependent widow of one Edgar F. Welton, who suffered a coronary occlusion on September 7, 1955 from which he died on September 8, 1955.

Appellant duly filed her dependent's application for compensation adjustment. The Industrial Board found that on September 7, 1955 the decedent was in the employ of appellee; that on that date he did not have an accidental injury arising out of or in the course of

his employment; and that his death was "due to coronary occlusion which said death was unrelated to his employment" with appellee. The Board awarded that appellant take nothing by her application.

There appears no serious dispute as to the facts. Appellant has delineated the same in the argument portion of her brief and as appellee has taken no exception thereto, we implant her delineation at this point:

> "The deceased Edgar Welton, age 43, was a man of good health with no known ailments. He had no reason to consult a doctor prior to his death. He entered upon his last day's labors cheerfully and with no complaints. . . . He was heard to complain of numbness in that limb. He did not appear to be well. That evening, on his way home, he made complaints about the numbness. Later that evening, after attending church, he complained that the numbness had reached his elbow. He continued to attempt to alleviate the numbness by massaging his arm to the next morning, after a restless night, he died suddenly.
>
> "Death was by coronary occlusion. There was no autopsy."

After the petition by appellant for review by the Full Board of the adverse finding and award of the single member and while the matter was pending before the Full Board, a continuance was granted for the taking of a deposition of a medical witness for appellee. The deposition was taken on November 28, 1958 and filed with the Full Board on December 1, 1958. In that part of her brief entitled "Concise statement of so much of the record as fully presents every error and objection relied upon," appellant sets forth a heading of "Appellees' Evidence" and says that the "Sole evidence of the defendant-appellees was a deposition of Arthur B. Richter, M.D. . . . and in the course of the deposition there were certain objections, motions to

the evidence and two questions certified to the Industrial Board. No ruling was made on any of these procedural questions raised by plaintiff-appellant." This is followed by a twelve-page series of questions, answers, eight motions to strike answers, five objections to questions, and two statements of appellant's counsel as follows: "Certify the question to the Industrial Board" and "Certify that question." All of this occurred on the cross-examination and redirect examination of the witness.

Appellant says in her brief that "the questions presented at that time are presented here for error" but the only argument advanced by appellant in her brief with reference to said proposed error is the following: "The various objections, motions and certified questions in the deposition of the appellees' witness, . . . were not ruled upon by the Industrial Board. This deposition was taken after the date of the first award and the Industrial Board had convened for review . . . and the cause was continued to obtain the deposition for defendant. These procedural questions were raised at the proper time and the award appealed from does not disclose a ruling. The questions presented at that time are presented here for error. . . . Further, testimony of the single witness of defendant is incapable of calculation for the unruled upon procedural steps against it and should be disregarded." What the "procedural steps" are that we are supposed to rule upon are not particularly set out or referred to in the argument nor is any reference made therein to any "procedural questions" or other specific motions, objections, or "certified questions." Without going through the evidence, and particularly the deposition, and picking out each particular objection, motion and certification found therein, we have no way of knowing

just what particular errors are sought to be presented for our determination. This, of course, we cannot do in order to find grounds for reversal. Nor do we know whether such matters were properly presented to the Full Board for its ruling thereon. Neither the record nor appellant's brief reveals that the referred to asserted errors were in any way called to the attention of the Board for its ruling thereon. Under the circumstances referred to we are forced to conclude that no such claimed error or errors have been here presented for our determination.

There were two medical witnesses who testified, one for appellant, the other for appellees. Appellant's witness, in answer to a hypothetical question detailing the established facts, and inquiring as to whether or not the exertion or strain of decedent's work on September 7, 1955 "caused or contributed to and precipitated his death," said: "I don't think that I can say 100 percent that it did but would say it could have." Appellees' witness, in answer to the question as to "whether the work decedent did was a contributing factor in causing the fatal coronary occlusion" said: "In my opinion the work had nothing to do with his coronary occlusion." Appellant, on cross-examination of appellees' witness, vigorously attacked his opinion and demonstrated, by reference to the writings and conclusions of other experts in the field, that there exist opinions contrary to that of the witness, which was, namely: that external factors play no role in causing coronory attacks; that it is a universal condition entertained by everyone to some degree and progresses with the advancing age of the person. A tense situation developed between appellant's counsel and appellees' physician which has resulted in appellant's accusation that the witness was prejudiced "in

favor of his own theory and refused to acknowledge the uncertainty of his theory," and that appellant "suspects" a prejudicial attitude of the witness "toward granting an award for death resulting from heart attacks." Such matters, of course, are for the trier of the facts and lie not in the domain of this forum for appraisal.

Appellant's principal theme seems to be that since there was no evidence of any prior ill health of the decedent and the evidence is uncontradicted that the decedent had always been in good, robust health; and since there was no autopsy to determine the condition of decedent or the probable prior duration of any adverse condition; and since decedent suffered his heart attack while he was engaged in the performance of unusual and more strenuous work at his employment on the day of his initial attack, the mere opinion of appellees' medical witness, unsupported by examination of decedent, and responsive only to a hypothetical question, amounts only to an assumption and "if relied upon, is so severe as to cause this court to close its eyes to a large body of responsible medical theory as well as to reverse some that there can be a causal connection between exertion and death by heart attack," citing *United States Steel Corporation* v. *Douglas* (1955), 125 Ind. App. 212, 123 N. E. 2d 899; and *Slaubaugh* v. *Vore* (1953), 123 Ind. App. 497, 110 N. E. 2d 299. Appellant continues: "Appellees' evidence assumes arteriosclerotic condition, a prior heart condition, and that exertion does not contribute to heart attack. All are assumptions."

We must first note that appellant's medical witness also testified in response to a hypothetical question and without examination of decedent. His testimony, in some material respects, was at variance with the medi-

cal testimony of appellees' witness. As stated in appellant's brief, he said, for instance, in part:

> "The plaque breaks loose from the wall of the coronary artery and *probably precedes the coronary attack. It is unknown what period of time is involved.* It could have been an impediment to the circulation and more or less exertion could demand the heart to carry to it and precipitate a heart attack. Once the blood supply has been cut off, then under a situation of exertion or emotional upset, any situation that would require more blood, *if there is an impediment to the circulation,* could precipitate a heart attack. *It cannot be said with certainty that effort did contribute to the coronary occlusion here, only that it could have.* There would be no difference in apppearance of the coronary artery for the symptoms of the attack if the attack were precipitated by work and if the coronary occurred when the person was at rest, and *I cannot say definitely that it is more likely than not that the work entered into caused this coronary occlusion."* (Our emphasis.)

It is clear from the referred to testimony of appellant's witness that there appears no more reason to brand the expressed opinions of appellees' witness as "assumptions" than that of the former. They contradicted each other in some respects but such occasion does not give rise to a justifiable appellation of one as engaging in "assumptions" and, consequently, that the other was immersed in verity. The weight of the evidence was for the determination of the Board as was the prerogative to believe or disbelieve the statements of the witnesses. Such is not our function. The evidence given by each of said witnesses was of probative value and we are not at liberty to say, as appellant urges, that the finding of the Board is contrary to law "because it is adverse to all the facts submitted to it and is based upon assumptions without

factual inquiry, regarding one of two opposing theories."

The burden of proving the various essential elements of her case, including the establishment of a causal connection between decedent's employment and his fatal coronary attack, rested upon appellant. The evidence given by her own medical witness went no further than to show that the "exertion or strain" of decedent's work "could have" contributed to and precipitated the coronary occlusion which occasioned his death. On the other hand, the evidence given by appellees' medical witness was that "the work had nothing to do with the coronary occlusion." The Board resolved the essential factors in favor of the appellees. Appellant failed to carry her burden. She has not established either that the evidence favorable to appellees supporting the award rests upon no substantial foundation or that the evidence is of such character as to force us to a conclusion contrary to that reached by the Board.

The award is affirmed.

Smith, P. J., Gonas and Bierly, JJ., concur.

NOTE.—Reported in 170 N. E. 2d 450.