TONN AND BLANK, INC. *v.* CURTIS ET AL.

[No. 20,631. Filed May 26, 1967. Rehearing denied September 12, 1967. Transfer denied November 16, 1967.]

*Newby, Lewis & Kaminski, Leon R. Kaminski,* and *Gene M. Jones,* all of LaPorte, for appellant.

*Robert M. Schaumann, Kenefick, Castello & Schaumann,* of Michigan City, for appellees.

Cooper, J.—This matter comes to us for a judicial review of an award made by the Industrial Board of Indiana, granting compensation to the minor children and dependents of the decedent, Ralph E. Curtis, Jr.

It appears from the record now before us that the action was originally started by the decedent filing a form # 9, being an application of an injured employee to the Industrial Board for compensation and that thereafter the dependent appellees filed a form # 10, seeking an adjustment of compensation because of the death of the decedent. The issues were completed by the Appellant's denial that the accident was compensible. The cause was first submitted to a hearing member who made the following finding:

"That on the 14th day of October, 1963, one, Ralph E. Curtis, Jr., plaintiffs' decedent, was in the employ of the defendant at an average weekly wage in excess of $70.00; that on said date he sustained personal injuries by reason of an accident arising out of and in the course of his employment with the defendant herein; that on the 20th day of October, 1964, the said decedent died as the result of the said accidental injury; that the said accidental injury consisted of an injury to the plaintiff's left leg above the knee, which said injury aggravated a pre-existing malignent (sic) condition in said decedent's leg which ultimately resulted in his death on the 20th day of October, 1964."

Thereafter, the Appellant applied for a review by the full Industrial Board averring that the award was contrary to law and not sustained by sufficient evidence. After the cause was reviewed by the full Industrial Board, the Board made the following finding and award:

"That on the 14th day of ·October, 1963, one, Ralph E. Curtis, Jr., plaintiffs' decedent, was in the employ of the

defendant at an average weekly wage in excess of $70.00; that on said date he sustained personal injuries by reason of an accident arising out of and in the course of his employment with the defendant herein; that on the 20th day of October, 1964, the said decedent died as the result of said accidental injury; that the said accidental injury consisted of an injury to the plaintiff's decedent's left leg above the knee, which said injury aggravated a pre-existing malignent (sic) condition ultimately resulting in decedent's death on the 20th day of October, 1964.

"AWARD OF FULL INDUSTRIAL BOARD.

"Thereafter on the 21st day of July, 1966, the full Industrial Board found for the Appellees and against the Appellant by awarding compensation in the sum of $42.00 per week for 400 weeks."

The appellant's assigned error, in substance, is that the award of the Full Industrial Board is contrary to law. The assigned error meets the statutory requirements and all alleged errors may be presented thereunder. See *Frazer, et al.* v. *McMillin and Carson* (1932), 94 Ind. App. 431, 179 N. E. 564. The principal issue raised by the Appellant in the cause now before us for review, questions the sufficiency of the evidence to sustain the findings of fact and the award based thereon. In such cases when the question of the sufficiency of the evidence comes before us on review, we will not re-examine such evidence or weigh the sufficiency of it. Such function is entrusted to the Industrial Board, and on appeal, we review the evidence in the record only to see if there was competent evidence of probative value, whatever its weight, to support the Board's determination. This Court will consider only the evidence most favorable to the award, including any and all reasonable inferences deductible from the facts proved. Therefore, the fact that reasonable men might draw different inference from the evidence is immaterial. *Colgate-Palmolive-Peet Co.* v. *Setliff, et al.*, (1934), 98 Ind. App. 577, 189 N. E. 396.

It is only when the evidence with all of the inferences reasonably deductible therefrom is of such conclusive nature as to force a contrary conclusion than that reached by ■ the Industrial Board that the reviewing court will reverse the Industrial Board. *Hefin* v. *Red Front Cash and Carry Stores, Inc.,* (1948), 225 Ind. 517, 521, 75 N. E. 2d 662; *Wilson* v. *Betz Corp. et al.,* (1957), 128 Ind. App. 189, 193, 146 N. E. 2d, 570.

In reviewing the evidence in the record, which we deem unnecessary to set forth, we find the uncontradicted evidence reveals that the decedent was employed by the Appellant and that on the 14th day of October, 1963, he sustained an injury to his left leg above the knee, while engaged in, and in the course of his employment. It is also undisputed that the decedent died from a malignant tumor, which was found later at the place where the decedent was previously injured.

The only conflict we find in the evidence in the record is the medical testimony as to whether or not the injury received by the decedent aggravated the pre-existing malignant tumor and thereby ultimately resulted in the decedent's death. Under such circumstances, it was for the Industrial Board to determine what weight and credit should be given to the opinions expressed by the physicians testifying in this cause. See *General Accident, Fire & Life Assurance Corp. Limited, et al.,* v. *Waldon* (1950), 121 Ind. App. 1, 5, 94 N. E. 2d, 487.

In the case of *Drompp, et al.,* v. *East, et al.,* (1961), 134 Ind. App. 110, 178 N. E. 2d, 217, at page 222, we also find the following statement:

> "While there was some variance between the medical testimony, the fact there is some contradiction does not clothe us with the function of becoming the trier of the facts. The evidence given by each of the witnesses was of probative value and the weight of the evidence is for the determination of the Board as was the perogative to believe or disbelieve the statements of the witnesses. Welton v. State Highway Commission (1960), 131 Ind. App. 291, 170 N. E. 2d, 450."

The mere fact that such medical testimony is conflicting, or that perhaps the greater weight of such evidence is against the finding and award, does not justify a reversal of the Board by this Court. If the contrary were true, it would amount to this Court weighing the evidential facts, which we have consistently held we cannot do. *Wilson* v. *Betz Corp. et al., Supra.*

In the case of *Hess* v. *Ohlen Bishop Co.,* (1932), 96 Ind. App. 142, 183 N. E. 487, we find the following pertinent statement:

"Although the finding in the case may appear to be manifestly against the weight of the evidence, the law of this state precludes this Court from setting aside said finding where there is any competent evidence to support the same."

The Appellant also contends that the decedent's injury was not compensible, but with this contention we cannot agree. In the case of *Hefin* v. *Red Front Cash and Carry Stores, Inc., Supra,* 225 Ind. at page 521, our Supreme Court made the following statement of law:

"Indiana long ago adopted the majority rule, that where an employee afflicted with disease receives a personal injury under such circumstances that he might have obtained compensation under a Workmen's Compensation Act on account of the injury had there been no disease involved, but the disease is materially aggravated or accelerated by the injury, resulting in disability or death earlier than would otherwise have occurred, and the disability or death does not result from the disease alone progressing naturally as it would have done under ordinary conditions, but the injury, aggravating and accelerating its progress, materially contributes to hasten its culmination in disability or death, there may be an award under the Workmen's Compensation Act. In re Bowers (1917) 65 Ind. App. 128, 133, 134, 116 N. E. 842, and authorities there cited; Indian Creek Coal, etc., Co. v. Calvert (1918) 68 Ind. App. 474, 119 N. E. 519, 120 N. E. 709; Puritan Bed Spring Co. v. Wolfe (1918), 68 Ind. App. 330, 120 N. E. 417; Krenz v. Ferguson Coal Company (1926) 85 Ind. App. 347, 154 N. E. 35; State v. Gageby (1933) 95 Ind.

App. 681, 184 N. E. 190; *The Studebaker Corp.* v. *Jones* (1937) 104 Ind. App. 270, 10 N. E. (2d) 747." See also *Blackfoot Coal & Land Corporation* v. *Cooper* (1960) 121 Ind. App. 313, 323.

Having reviewed the record in the cause now before us in its entirety, we cannot say that the finding and award of the Industrial Board is contrary to law.

The award is affirmed.

Carson, Faulconer, and Prime, JJ., concur.

NOTE.—Reported in 226 N. E. 2d 551.