HUDGINS, D/B/A STROLL-O-CHAIR DISTRIBUTORS *v*. DEEDS
ET AL.

[No. 469A75. Filed October 14, 1969. No petitions for rehearing or transfer filed.]

*Benton R. Millis, Willsey & Willsey,* of Indianapolis, for appellant.

*Forrest D. Rau,* of Indianapolis, for appellees.

LOWDERMILK, P.J.—This is a proceeding brought by appellees before the Industrial Board of Indiana, as dependents of their deceased husband and father, Charles A. Deeds, for compensation under the Indiana Workmen's Compensation Act.

The record discloses that the action was originally begun by the decedent's dependents filing a petition for adjustment of claim for compensation because of the death of Charles A. Deeds. The cause was submitted to the hearing member and an award was granted to appellees. The appellant applied for review by the full Industrial Board, averring that there was not sufficient evidence to show that the decedent was in the scope of his employment at the time of his death. The full Board held a hearing on the 11th day of February, 1969, and found for the appellees, and made the following findings and award, which are pertinent hereto:

"BE IT REMEMBERED, that pursuant to notice fixing the time and place therefor, the above-captioned cause was

called for hearing and review before the Full Industrial Board of Indiana, in the Hearing Room of said Board, 601 State Office Building, 100 North Senate Avenue, Indianapolis, Indiana, on the 11th day of February, 1969, at 9:00 o'clock a.m., on Defendant John J. Hudgins, d/b/a Stroll-O-Chair Distributors' Form 16 Application for the Review of the Original Award filed on the 16th day of May, 1968.

"Plaintiffs appeared by Counsel, Mr. Forrest D. Rau, Indianapolis, Indiana. Defendant John J. Hudgins, d/b/a Stroll-O-Chair Distributors, appeared by Counsel, Mr. Benton R. Millis, Indianapolis, Indiana.

"The Full Industrial Board of Indiana, having reviewed all the evidence in said cause and being duly advised in the premises therein, now finds:

"That the motion of Counsel for Defendant Stroll-O-Chair for finding the judgment due to lack of evidence of employee-employer relationship between decedent and Stroll-O-Chair Corporation of New York should be sustained;

"That the motion of Counsel for Defendant John J. Hudgins, d/b/a Stroll-O-Chair Distributors, for finding and judgment should be overruled.

"It is further found that on the 19th day of November, 1964, Plaintiff's decedent was in the employ of Defendant John J. Hudgins, d/b/a Stroll-O-Chair Distributors, at an average weekly wage in excess of $70.00; that on said date Plaintiff's decedent sustained an accident and injuries arising out of and in the course of his employment with the said Defendant, John J. Hudgins, d/b/a Stroll-O-Chair Distributors, of which said accident said Defendant had knowledge; that said decedent's injuries resulted in immediate death of the decedent on November 19, 1964; that Defendant, John J. Hudgins, d/b/a Stroll-O-Chair Distributors, did not pay burial expenses or benefits to decedent's dependents; that prior to the filing of Plaintiff's application, a good faith effort was made by the parties to adjust said claim, which effort resulted in a disagreement between the parties.

"It is further found that at the time of his death, decedent left as his sole and only dependents, his widow, Dorothy V. Deeds, and his children, Charles A. Deeds, Jr., born December 31, 1952, and Carole Anne Deeds, born November 11, 1950.

"Said Full Industrial Board of Indiana now finds for Plaintiffs and against Defendant John J. Hudgins d/b/a

Stroll-O-Chair Distributors, on Plaintiffs' Form 10 Application for the Adjustment of Claim for Compensation by Dependents of Deceased Employee, filed on the 30th day of August, 1955.

### "AWARD

"IT IS THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that Plaintiffs, Dorothy V. Deeds, Charles A. Deeds, Jr. and Carole Anne Deeds, have and recover from Defendant John J. Hudgins, d/b/a Stroll-O-Chair Distributors, compensation at the rate of $42.00 per week in equal shares, beginning November 20, 1964 and to continue during the period of their dependency as provided by the Workmen's Compensation Law of Indiana, but not to exceed 400 weeks or the sum of $16,500.00.

"It is further ordered that all accrued compensation shall be brought up to date, paid in cash and in a lump sum.

"It is further ordered that Defendant John J. Hudgins, d/b/a Stroll-O-Chair Distributors, shall pay to the person or persons entitled thereto, burial expenses or $750.00 for the burial of said decedent.

"It is further ordered that all compensation payable to the minor dependents shall be paid to Dorothy V. Deeds, mother of said minor dependents, as their natural guardian, during their dependency.

\* \* \*."

Appellant assigned as error that the award of the Industrial Board is contrary to law. The assigned error meets the statutory requirements and all alleged errors may be presented thereunder. *Frazer* v. *McMillin & Carson* (1932), 94 Ind. App. 431, 179 N. E. 564; *Kunkel, Trustee, etc.* v. *Arnold* (1960), 131 Ind. App. 219, 158 N. E. 2d 660.

The principal issue raised by the appellant in the cause now before us for review questions the sufficiency of the evidence to sustain the findings of fact and the award based thereon.

". . . In such cases when the question of the sufficiency of the evidence comes before us on review, we will not re-examine such evidence or weigh the sufficiency of it. Such function is entrusted to the Industrial Board, and on appeal, we review the evidence in the record only to see if there was competent evidence of probative

value, whatever its weight, to support the Board's determination. This Court will consider only the evidence most favorable to the award, including any and all reasonable inferences deductible from the facts proved. Therefore, the fact that reasonable men might draw different inferences from the evidence is immaterial. *Colgate-Palmolive-Peet Co.* v. *Setliff, et al.,* (1934), 98 Ind. App. 577, 189 N. E. 396.

"It is only when the evidence with all of the inferences reasonably deductible therefrom is of such conclusive nature as to force a contrary conclusion than that reached by the Industrial Board that the reviewing court will reverse the Industrial Board." (Citing cases.) *Tonn and Blank, Inc.* v. *Curtis* (1967), 141 Ind. App. 115, 226 N. E. 2d 551.

In reviewing the evidence in the record, which we will not set forth, we find the uncontradicted evidence reveals that the decedent was employed by the appellant, John J. Hudgins, d/b/a Stroll-O-Chair Distributors, and that on the 19th day of November, 1964, Charles A. Deeds died as the proximate result of personal injuries received by him on that date by reason of his automobile colliding with a house on U. S. Highway No. 40 while in the course of his employment by the appellant, and while in such course of employment he was returning from his work at Terre Haute, Indiana, to his home at Indianapolis.

The only conflict we are able to find in the evidence in the record is whether the decedent was traveling toward Terre Haute or toward Indianapolis at the time of his fatal wreck and whether or not the decedent died in an accident arising out of and in the course of his employment with appellant.

Dorothy V. Deeds, wife of the decedent, testified that the decedent had been in Terre Haute the day before and had an appointment with a Mrs. Bramer for 10:00 o'clock P.M. of the night in which he met his death, to sell appellant's product, and she further testified that the shortest and best route between Indianapolis and Terre Haute was U. S. Highway No. 40.

George Goodyear, a sales manager for appellant in 1964, at the time of decedent's death, testified that Charles A. Deeds worked as a salesman for appellant, starting in June, 1964, and his duties were to present the appellant's product to prospective customers. A couple of days before Mr. Deeds was killed, Mr. Goodyear gave Mr. Deeds customer leads in Terre Haute.

Dorothy V. Deeds, widow of decedent, testified that the decedent was in Terre Haute on November 19, 1964, as follows:

"Question: Do you know your husband went to Terre Haute on November 19, which was a Thursday?
"Answer: Yes, I know that."

This court does not become clothed with the function of becoming the trier of the facts, even though there is some contradiction in the evidence. The evidence given by each of the witnesses was of probative value and the weight of the evidence is for the determination of the Board, as was the prerogative to believe or disbelieve the statements of the witnesses. *Tonn and Blank, Inc.* v. *Curtis, supra.*

". . . It was within the province of the board to draw reasonable inferences from the facts proven and from the facts proven the board has drawn one inference. Such inference is binding upon this court even though another inference just as reasonable might have been drawn from the facts. . . ." *Colgate-Palmolive-Peet Co.* v. *Setliff* (1934), 98 Ind. App. 577, 189 N. E. 396.

From the facts in the case at bar it is more reasonable to infer that the decedent met his death while within the scope of his employment returning from Terre Haute to Indianapolis via U. S. Highway No. 40 than to infer he was en route from his home, which was in Indianapolis, to some unknown destination at 11:35 P.M.

Also, from the facts it is more reasonable to infer that the decedent, who worked on a commission basis with a fixed

weekly draw, had kept a business appointment at 10:00 o'clock
P.M. at Terre Haute and was returning via U. S. Highway
No. 40 to his home and family, rather than to infer that, at
that hour of the night, he was alone in the car going from
Indianapolis.

Small's Workmen's Compensation Law of Indiana, 1968
Cumulative Supplement, p. 124 states:

> "The rule continues to be that evidence will not be
> weighed on review and that an award of the Industrial
> Board will not be set aside unless all the evidence is so un-
> disputed and so uncontradicted as to lead inescapably to
> an opposite conclusion * * * 'The Industrial Board as the
> trier of the facts had the right to believe that evidence
> which it finds credible and by the same token had the right
> to disbelieve such evidence as it did not find worthy.' "

In the case of *Couch* v. *Harmon etc.* (1959), 129 Ind. App.
459, 157 N. E. 2d 303, the court said:

> "In this case it was a question of fact for the Board to
> determine whether or not at the time of the accident appel-
> lant was performing services pertaining to his employment
> as a domestic servant. *Before a finding and award will be
> disturbed upon the evidence it must be of such conclusive
> character as to force a conclusion contrary to that reached
> by the Board."* (Our emphasis.)

In the case of *Hess* v. *Ohlen Bishop Co.* (1932), 96 Ind. App.
142, 183 N. E. 487, we find the following pertinent statement:

> "Although the finding in this case may appear to be mani-
> festly against the weight of the evidence, the law of this
> state precludes this court from setting aside said finding
> where there is any competent evidence to support the same."

In the case of *Anaconda Co.* v. *Aue* (1964), 136 Ind. App.
463, 202 N. E. 2d 403, the court, in discussing a compensation
award to the injured employee, said:

> "It is not the province of this court, nor are we permitted
> to weigh the evidence or determine the credibility of wit-
> nesses." (Citing many cases.)

"A finding of fact by the Industrial Board is binding on this court unless unsupported by any evidence of probative value." (Citing cases.)

The law is well settled in Indiana that the Appellate Court cannot weigh the evidence. That we have not and will not attempt to do.

A review of the evidence most favorable to appellees, to which we are limited in determining the sufficiency of the evidence to sustain the compensation award, convinces us there was evidence of probative value to sustain the Board's finding and award and that the finding and award was not contrary to law.

The award is affirmed.

Costs versus appellant.

Carson, Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 251 N. E. 2d 478.