GENE HUFFMAN v. U. S. STEEL CORPORATION.

[No. 870A131. Filed April 8, 1971.]

*Adam Benjamin, Jr.,* of Gary, for appellant.

*Douglas F. Stevenson, Hackbert, Rooks, Pitts, Fullager and Poust,* of Chicago, Illinois, for appellee.

SULLIVAN, P.J.—In this workmen's compensation case the appellant-claimant appeals from an allegedly insufficient award made by the full Industrial Board.

The record discloses that the appellant-plaintiff suffered lacerations of the left foot when scrap metal which he was packaging as a part of his job suddenly fell onto his foot. The resulting dispute concerned only the degree of permanent partial impairment resulting from the injury.

The only evidence introduced at the hearing which was reviewed by the Full Board consisted of reports of two medical specialists who had earlier examined the appellant. Dr. Reuben Miller, a licensed podiatrist in Indiana, assessed the ap-

pellant's disability as "about twenty five percent (25%) loss of normal sensation and impaired walking ability to [the] left foot." Dr. Leo K. Cooper, a licensed Indiana orthopedic surgeon, found, on the other hand, some numbness of the foot, and he concluded that appellant's condition "perhaps should be considered in the neighborhood of 2½ to 5% of the foot, below the knee, partial-permanent impairment."

The appellant alleges as error that the podiatrist's report favorable to the appellant was undoubtedly rejected by the board members, and that the award was thus arbitrary and capricious.

To adopt appellant's contention would require us to abandon a cardinal principle. As Dean Small states in his treatise, *Workmen's Compensation Law of Indiana*, § 12.14 (1950) :

> "When the question of sufficiency of the evidence comes before the reviewing Court, it will not re-examine the evidence or weigh the sufficiency of it. That function is entrusted to the Industrial Board, and the only function the Court exercises on appeal is to see if there was some competent evidence, whatever its weight, to support the Board's determination."

There was before the Board conflicting evidence as to the degree of permanent impairment of the appellant. As trier of facts the Industrial Board was free to weigh the evidence and to separate the credible from the incredible. *Hudgins* v. *Deeds* (1969), 145 Ind. App. 418, 251 N. E. 2d 478; *Lewis* v. *Marhoefer Packing Company* (1969), 144 Ind. App. 220, 245 N. E. 2d 685. The Board obviously chose to believe appellee's evidence and the parties are bound by the judgment of that tribunal. *Tonn and Blank, Inc.* v. *Curtis* (1967), 141 Ind. App. 115, 226 N. E. 2d 551.

The award of the Industrial Board of Indiana is affirmed.

Buchanan, Lowdermilk and Robertson, JJ., concur.

NOTE.—Reported in 268 N. E. 2d 112.