**SHELLER–GLOBE CORPORATION, HARDY DIVISION, Appellant (Defendant Below),**

v.

**Walter L. PARKS, Appellee (Plaintiff Below).**

No. 2–478A114.

Court of Appeals of Indiana, First District.

Sept. 4, 1979.

Richard W. Guthrie, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellant.

James E. Sandifer, Graber & Sandifer, P. C., Indianapolis, for appellee.

ROBERTSON, Judge:

Defendant-appellant Sheller-Globe Corporation, Hardy Division (Sheller-Globe) brings this appeal from an award of permanent total disability in favor of plaintiff-appellee Walter L. Parks (Parks).

This is an appeal after this court's remand to the Full Industrial Board. *Parks v. Sheller-Globe Corporation, Hardy Division*, (1978) Ind.App., 380 N.E.2d 110. Critical to our disposition in *Parks* was the Board's *finding* that a compensable industrial accident occurred and activated a dormant pre-existing disease of multiple myeloma, the combination of the two resulting

in permanent total disability. Nonetheless, the Board only awarded temporary total disability benefits. Our reversal was therefore predicated on the anomaly between the findings and award inasmuch as the former recognized a causal link between the accident and the triggering of the latent disease, whereas the award was not consistent with the admitted combination of the two which resulted in a permanent total disability. On remand, the Board issued substantially similar findings of fact but granted an award for permanent total disability. Sheller-Globe now contends that the finding of a causal relationship was contrary to law as not supported by sufficient evidence.

■ Understandably, Parks does not address Sheller-Globe's argument on the merits due to their belief that our prior decision is dispositive of the issue raised in this appeal. Parks correctly reminds us that on remand, the appellate decision is binding insofar as it establishes the law of the case. *See, e.g., Jenkins v. Pullman Standard Car Manufacturing Co.*, (1958) 128 Ind.App. 260, 147 N.E.2d 912. In *Parks*, however, we did not declare as a matter of law that a causal relationship did *in fact* exist; rather, the law of the case was merely that the facts *as found* were inconsistent with the award:

> Since the Board specifically found that the compression fracture was *caused* by the accident of February 19, 1974, and activated and combined with Parks' affliction of multiple myeloma to result in a permanent total disability, we reverse the Board's award of temporary total disability and remand for appropriate proceedings consistent with the views stated herein.

380 N.E.2d at 112 (original emphasis). Therefore, the law of the case encompassed only the inconsistency between the facts

found and the award but we did not reach the evidentiary sufficiency of the facts as found. Thus the issue raised by Sheller-Globe has not been foreclosed.[1]

■ Unfortunately, Sheller-Globe has not cited a single case to this court other than to distinguish *Noble County Highway Department v. Sorgenfrei*, (1975) 163 Ind. App. 81, 321 N.E.2d 766, upon which we placed considerable reliance in *Parks*. As a failure to comply with *Ind. Rules of Procedure, Appellate Rule* 8.3(A)(7), the same being applicable to appeals from the Industrial Board (*see Slinkard v. Extruded Alloys*, (1971) 150 Ind.App. 479, 277 N.E.2d 176), the issue raised by Sheller-Globe is waived.

■ Even had the issue not been waived, however, the alleged ground of error is unavailing. While we would reverse if we accepted Sheller-Globe's view of the facts and inferences to be drawn therefrom, our standard of review leads us to the opposite conclusion. In *Tonn and Blank, Inc. v. Curtis*, (1967) 141 Ind.App. 115, 226 N.E.2d 551, we declared:

> [W]hen the question of the sufficiency of the evidence comes before us on review, we will not re-examine such evidence or weigh the sufficiency of it. Such function is entrusted to the Industrial Board, and on appeal, we review the evidence in the record only to see if there was competent evidence of probative value, whatever its weight, to support the Board's determination. This Court will consider only the evidence most favorable to the award, including any and all reasonable inferences deductible from the facts proved. Therefore, the fact that reasonable men might draw different inferences from the evidence is immaterial. *Colgate-Palmolive-Peet Co. v. Setliff, et al.*, (1934) 98 Ind.App. 577, 189 N.E. 396.

1. Implicit also in Parks's brief is the policy notion that Sheller-Globe is foreclosed for its failure to assign and/or argue cross-errors in the initial appeal. Despite our preference for such a practice, we are not prepared to preclude Sheller-Globe's assertion of an evidentiary error since, after remand, further proceedings with the Board (including the reception of additional evidence) are discretionary, thereby placing the case in a state of limbo. *See, e.g., Burton v. Rock Road Construction Co.*, (1969) 145 Ind.App. 683, 252 N.E.2d 445; *Jenkins, supra*. Moreover, the briefs do not crystallize the precise issue thereby rendering appellate review inappropriate.

It is only when the evidence with all of the inferences reasonably deducible therefrom is of such conclusive nature as to force a contrary conclusion than that reached by the Industrial Board that the reviewing court will reverse the Industrial Board. *Heflin v. Red Front Cash and Carry Stores, Inc.*, (1948) 225 Ind. 517, 521, 75 N.E.2d 662; *Wilson v. Betz Corp. et al.*, (1957) 128 Ind.App. 189, 193, 146 N.E.2d 570.

141 Ind.App. at 117–8, 226 N.E.2d at 553. Whether an inference is reasonable depends not on whether this court believes the inference drawn by the Board was right, but whether the inference drawn was a reasonable one. Hence, "[i]f the Board has rejected the only reasonable inference possible in light of common knowledge and experience, it has reached an unsupportable conclusion." *DeMichaeli & Associates v. Sanders*, (1976) Ind.App., 340 N.E.2d 796, 804.

■ The undisputed evidence disclosed that Parks suffered a compensable industrial accident, a compression fracture of the L–3 vertebra, and that in combination with the myeloma (a condition of plasma cell leukemia) Parks was permanently totally disabled.[2] Parks was unable despite his efforts to ever return to work.

Sheller-Globe contends that the uncontroverted evidence established that the only consequence of the back injury was to facilitate the diagnosis of the myeloma. Sheller-Globe also asserts that inasmuch as sufferers of this disease generally succumb in two or three years, and since Parks died shortly after three years, a causal relation between the injury and the debilitating effect of the latent disease was conclusively negated. We disagree.

At the outset, it appears that no direct evidence was presented as to whether the accident did or did not, in fact, trigger or accelerate the latent disease. As such, we must determine whether a permissible inference may be drawn from Dr. Mader's testimony that the accident accelerated Parks permanent total disability.

We concede that direct testimony conclusively established that the diagnosis of Park's disease was facilitated by the accident, and that Parks died within the fringes of Dr. Mader's prediction of the life-span for persons afflicted with the disease in issue. On the issue of causation, however, these facts are inconclusive. In *Heflin v. Red Front Cash & Carry Stores, Inc.*, (1947) 225 Ind. 517, 75 N.E.2d 662, our supreme court declared:

Indiana long ago adopted the majority rule, that where an employee afflicted with disease received a personal injury under such circumstances that he might have obtained compensation under a Workmen's Compensation Act on account of the injury had there been no disease involved, but the disease is materially aggravated or accelerated by [an] injury, resulting in disability or death earlier than would otherwise have occurred, and the disability or death does not result from the disease alone progressing naturally as it would have under ordinary conditions, but the injury, aggravating and accelerating its progress, materially contributes to hasten its culmination, in disability or death, there may be an award under the Workmen's Compensation Act.

225 Ind. at 521–2, 75 N.E.2d at 664 (citations omitted).

Sheller-Globe places considerable reliance on the following question and answer of Dr. Mader, found as fact by the Board, to support its contention that the accident merely facilitated the *diagnosis* of Parks's disease:

Q. Have you an opinion as to the effect of the industrial accident and the compression fracture of L–3 on whether his disability was caused to take place earlier than it might have under normal circumstances?

A. I am sure the industrial accodent [sic] probably was the thing that initiated the set of circumstances in which the diagnosis of multiple myeloma was made. He might have gone on for six months. He really

2. This latent disease apparently results in a weakening or softening of the bones.

wasn't feeling too bad at that time and he was only having pain in his back but did not seem to get better with symptomatic treatment at. Union City and subsequently going home and feeling any better and Dr. Via referring him to Dr. Miller because of back pain and I think Walter probably has had multiple myeloma for some time and this is the thing that brought it to the medical profession's attention.

Sheller-Globe contends that the above testimony shows that the disease would have been diagnosed in six months regardless of the industrial accident. We are persuaded, however, that Dr. Mader's answer clearly supports an inference that the industrial accident indeed hastened and accelerated Parks's disability. The question was: "Have you an opinion as to *the effect* of the industrial accident . . . *on whether his disability was caused to take place earlier than it might have under normal circumstances?*" In response, Dr. Mader said that "He might have gone on for six months." Since the question addressed the issue as to whether the industrial accident caused the disability to occur "earlier than it might have," Mader's response could legitimately be inferred to mean Parks would have been free of the disability for an additional six months had he not suffered the industrial accident. Therefore, we believe the Board could reasonably have inferred from the foregoing that Parks's disability was hastened and accelerated by approximately six months and, had the accident not occurred, Parks could have been free of the disability for an additional half of a year.[3] Hence, we are unable to conclude as a matter of law that the Board rejected the only reasonable inference from the evidence before it, or that the evidence in favor of Sheller-Globe was so conclusive as to force a contrary result.

Accordingly, the award is in all respects affirmed.

Affirmed.

LOWDERMILK, P. J., and LYBROOK, J., concur.

---

3. The finding by the Board of permanent total disability was made as of the date of diagnosis of the myeloma, two months after the accident. Despite our belief that a different inference could be drawn, suffice to say that to the extent the delayed diagnosis reduces the hastening of Parks's disability to four months rather than six months, our result is not affected thereby.