# FOR PUBLICATION



FILED
Aug 22 2013, 5:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**JAMES C. SPENCER**
Dattilo Law Office
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**JULIA BLACKWELL GELINAS**
**LUCY R. DOLLENS**
**JACOB V. BRADLEY**
Frost Brown Todd LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROGER A. BUCHANAN and<br>SUSAN BUCHANAN, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 39A01-1211-MF-515 |
| | ) | |
| HSBC MORTGAGE SERVICES, INC., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JEFFERSON CIRCUIT COURT
The Honorable Ted R. Todd, Judge
Cause No. 39C01-0812-MF-874

**August 22, 2013**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Roger Buchanan and Susan Buchanan appeal the trial court's grant of summary judgment in favor of HSBC Mortgage Services, Inc. ("HSBC") in this foreclosure action. The Buchanans raise two issues on appeal which we restate as:

1. Whether the trial court erred when it found that HSBC is the holder of a promissory note executed by the Buchanans when they purchased their home.

2. Whether the trial court erred when it found that the mortgage is valid despite an allegedly defective acknowledgement.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On July 28, 2006, the Buchanans executed a promissory note ("the note") and mortgage for the purchase of a house in Madison for $235,000. The original lender was Accredited Home Lenders, Inc. ("Accredited"), and the mortgage listed Mortgage Electronic Registrations Systems, Inc. ("MERS")[1] as mortgagee and nominee for Accredited and its successors and assigns. On October 18, 2006, Accredited sold the note to HSBC. And in November 2007, the Buchanans stopped making their monthly mortgage payments. They have made no payments since that time, but have continued to reside in the house.

---

[1] Our supreme court has explained that in the 1990s "a consortium of investment banks" created MERS to maintain "a computer database designed to track servicing and ownership rights of mortgage loans anywhere in the United States." Citimortgage, Inc. v. Barabas, 975 N.E.2d 805, 809 (Ind. 2012). MERS member banks list MERS as both "nominee" for Lender and as "mortgagee" on their mortgage documents. Id. MERS member banks can then buy and sell the note among themselves without recording an assignment of the mortgage. Id. In the event of default, MERS simply assigns the mortgage to whichever member bank currently owns the note, and that bank forecloses on the borrower. Id.

On December 29, 2008, HSBC filed a complaint to foreclose against the Buchanans. And in March 2009, HSBC filed a motion for default[2] and summary judgment. In April, the Buchanans filed their answer, motion to dismiss, affirmative defenses, motion to include Accredited as a party, and response to HSBC's summary judgment motion. And in January 2010, the Buchanans filed a cross-motion for summary judgment.

Following a hearing on the summary judgment motions in May 2010, the trial court took the matter under advisement. The parties filed supplemental memoranda with the court. In July 2011, the Buchanans filed a second summary judgment motion and, in the alternative, a motion for partial summary judgment. Following a hearing on the Buchanans' second summary judgment motion and motion for partial summary judgment in October 2011, the trial court took the matter under advisement.

On October 26, 2012, the trial court entered summary judgment for HSBC and found and concluded in relevant part as follows:

> 4. The Buchanans made some payments on the note, but have not made any payments since November of 2007.
>
> 5. On December 19, 2008, MERS solely as nominee of the Accredited Home Lenders, Inc., assigned its interest in the mortgage to the Plaintiff HSBC Mortgage Services, Inc. This lawsuit was filed on December 29, 2008.
>
> 6. By the terms of the mortgage MERS, as the mortgagee and nominee for Accredited, had the authority to assign the mortgage to HSBC.
>
> 7. As between the Plaintiff HSBC and the Defendants Buchanans, HSBC is both the holder of the note and the mortgagee of the mortgage sued upon in this case. The Buchanans are the debtors and mortgagors.

---

[2] The Buchanans had not yet filed an answer to the complaint, but had requested an extension of time to do so.

3

* * *

9.      There is no issue of genuine or material fact and the Plaintiff is entitled to judgment against the Defendants as a matter of law.

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that:

1.      The Plaintiff HSBC Mortgage Services, Inc. recover from the [Buchanans] the sum of [$269,637.97] owing as of January 21, 2009 plus interest at the rate of 8.9990% per annum ($57.23 per day) from January 22, 2009[,] to the date of this judgment (1373 days) plus attorney's fees in the amount of $1,500, for a total judgment of [$349,714.76]. Interest shall accrue on the judgment amount at the rate of [8%] per annum after the date of this judgment.

2.      The mortgage of the Plaintiff HSBC Mortgage Services, Inc. is hereby foreclosed, and the interests of [the Buchanans] are hereby foreclosed as liens junior and subordinate to the lien of the Plaintiff on the [subject real property]. . . .

Appellants' App. at 340-42.  This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

Our standard of review for summary judgment appeals is well established:

When reviewing a grant [or denial] of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

4

Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009) (citations omitted). The party appealing a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous. Knoebel v. Clark County Superior Court No. 1, 901 N.E.2d 529, 531-32 (Ind. Ct. App. 2009). Where the facts are undisputed and the issue presented is a pure question of law, we review the matter de novo. Crum v. City of Terre Haute ex rel. Dep't of Redev., 812 N.E.2d 164, 166 (Ind. Ct. App. 2004). While we are not bound by the trial court's findings and conclusions and give them no deference, they aid our review by providing the reasons for the trial court's decision. See GDC Envtl. Servs. Inc. v. Ransbottom Landfill, 740 N.E.2d 1254, 1257 (Ind. Ct. App. 2000).

## Issue One: Assignment of Note

The Buchanans first contend that the trial court erred when it found that HSBC was the holder of the note. The Buchanans allege that there are genuine issues of material fact precluding summary judgment on this pivotal question. In essence, the Buchanans maintain that the validity of the assignment of the note to HSBC is in doubt. In support of that contention, the Buchanans assert that: the note attached to HSBC's complaint did not include an endorsement; the allonge[3] purporting to assign Accredited's interest in the note to HSBC is not dated and is not affixed to the note; and HSBC has not yet provided an original of the note to the trial court. The Buchanans also allege that

---

[3] An "allonge" is a paper "attached to a negotiable instrument for the purpose of receiving further endorsements when the original is filled." Black's Law Dictionary 76 (7th ed. 1999). Here, it was not necessary to use an allonge, as the original did not contain any endorsements. But we are not aware of any reason to prohibit the use of an allonge in this case.

there is a genuine issue of material fact whether the person who signed the allonge on behalf of Accredited was authorized to transfer Accredited's interest in the note.

In support of summary judgment, HSBC designated as evidence an allonge showing that the promissory note was endorsed in blank. As such, the note was converted into a bearer instrument pursuant to Indiana Code Section 26-1-3.1-109(a)(2) ("A promise or order is payable to bearer if it: . . . (2) does not state a payee.") Thus, HSBC demonstrated that it was the holder of the bearer instrument, and it was entitled to enforce the instrument pursuant to Indiana Code Section 26-1-3.1-301(1), which states that a "'[p]erson entitled to enforce' an instrument means . . . the holder of the instrument." A "holder" means "the person in possession of a negotiable instrument that is payable . . . to bearer." Ind. Code § 26-1-1-201(20)(A). HSBC also designated evidence showing that it was assigned the mortgage by MERS.

The undisputed designated evidence shows that Accredited transferred the note to HSBC in 2006. And the Buchanans do not direct us to any authority to support their assertions that the lack of a date on the allonge renders it invalid, that HSBC's failure to attach the allonge to its complaint is fatal to its claim, or that an original of a note is required to be attached to a complaint. Indeed, HSBC has designated as evidence an affidavit stating that it has the original note in its possession and will make it available to the trial court upon request. And while Indiana Code Section 26-1-3.1-204 requires that the allonge be affixed to the note, there is no evidence in the record to indicate that the allonge is not so affixed. HSBC did not include the allonge when it filed its complaint, but under Trial Rule 9.2(F), a plaintiff may amend its complaint to correct the omission

of a required written instrument.[4] See, e.g., Wilson v. Palmer, 452 N.E.2d 426, 430 (Ind. Ct. App. 1983). Here, while HSBC did not amend its complaint, it designated evidence with its motion for summary judgment that was the functional equivalent of an amendment.

Finally, the Buchanans' contention that Jacquelyn Rohrscheib may not have had the authority to execute the allonge is not supported by the designated evidence. The only evidence in support of that contention is a list dated June 1, 2009, purporting to contain the names of then-current and former officers with Accredited.[5] But that list was prepared in the course of a bankruptcy proceeding in response to a request to identify current officers and "each member [of Accredited] who withdrew from the [business] within one year immediately preceding the commencement of this case." Appellants' App. at 324. Because Accredited's bankruptcy proceeding commenced in 2009, the list of former officers would not have included those whose employment ended prior to 2008. And because Accredited sold the note to HSBC in 2006, Rohrscheib could have executed the allonge at that time and ceased working for Accredited before 2008. In sum, the list of former Accredited officers is by its terms not an exhaustive list and does not support the Buchanans' contention that there is a genuine issue of material fact whether Rohrscheib had authority to execute the allonge.

---

[4] Under Trial Rule 9.2(F), had the Buchanans moved to dismiss on the basis that HSBC had not complied with Trial Rule 9.2(A), the trial court could have ordered the amendment. And while the Buchanans filed a motion to dismiss on April 1, 2009, the motion does not mention Trial Rule 9.2 or otherwise indicate any concern regarding the missing allonge.

[5] HSBC contends that the Buchanans did not timely designate this evidence in opposition to summary judgment, but HSBC did not object to the submission of the list at the summary judgment hearing and cannot now complain.

The Buchanans have not demonstrated the existence of any genuine issue of material fact precluding summary judgment. The trial court did not err when it found that HSBC is the holder of the note.[6]

**Issue Two: Acknowledgement**

The Buchanans also contend that the "mortgage lacked the requisite acknowledgement and was unenforceable." Brief of Appellants at 20. In support of that contention, the Buchanans point out that the notary public who acknowledged their execution of the mortgage "had no power to take acknowledgements in Indiana nor did he have the power to take oaths given outside of his commission by the State of Kentucky." Id. at 21-22. The Buchanans rely on this court's opinion in Frazer v. McMillin & Carson, 94 Ind. App. 431, 179 N.E. 564, 567 (1932), where we observed that "the official activities of a notary public are limited to the political division for which he is appointed and commissioned, and that his acts outside his territorial limits are void."

But for purposes of this appeal, we need not decide whether the mortgage was properly acknowledged. The Buchanans do not deny that they executed the mortgage and note when they purchased their home in 2006. And it is well settled that "[a]n unacknowledged instrument is binding between parties and their privies." Hunter v. Milhous, 159 Ind. App. 105, 305 N.E.2d 448, 458 n.3 (1973). In other words, as between the Buchanans, Accredited, and Accredited's remote assignee, HSBC, the notarial

---

[6] Because we hold that HSBC is the holder of the note, as a matter of law, we need not address the Buchanans' contention that HSBC did not have standing to file the foreclosure complaint. And because the undisputed designated evidence shows that Accredited transferred its interest in the note to HSBC, we need not address the Buchanans' contention that MERS did not have authority to transfer the note.

8

acknowledgement is insignificant.  The Buchanans' contention on this issue is without merit.

Affirmed.

MATHIAS, J., and BROWN, J., concur.